**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| CINCINNATI INSURANCE COMPANY, | ) ) ) | FILED: AUGUST 20, 2008 |
|  | ) | 08CV4731 |
| Plaintiff, | ) | JUDGE GOTTSCHALL |
|  | ) | MAGISTRATE JUDGE BROWN |
| vs. | ) | No. |
|  | ) | PH |
| WEIS BUILDERS, INC. and | ) |  |
| RENEE RUSSOTTO, an individual, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## COMPLAINT FOR DECLARATORY RELIEF

Cincinnati Insurance Company brings this complaint seeking declaratory relief with respect to its rights and obligations under a contract of insurance and states as follows:

## NATURE OF THE SUIT

1.       This declaratory judgment action will determine whether a policy of insurance issued by Cincinnati Insurance Company ("Cincinnati") to Just Rite Acoustics, Inc. ("Just Rite") requires Cincinnati to defend or indemnify Weis Builders, Inc. ("Weis Builders") in a suit filed by Renee Russotto ("Russotto").

## PARTIES, JURISDICTION AND VENUE

2.       Cincinnati Insurance Company is an Ohio corporation with its principal place of business in Ohio.

3.       Weis Builders is a Minnesota corporation with its principal place of business in Minnesota.  Weis Builders is engaged in the construction business.

4.    Renee Russotto is an individual citizen of Illinois.  Ms. Russotto sued Weis Builders to recover damages for bodily injury she allegedly suffered. Cincinnati seeks no relief against Ms. Russotto other than to bind her to the outcome of this declaratory judgment action.

5.    In the underlying suit, Ms. Russotto is seeking unspecified damages for bodily injuries.  Weis Builders is seeking its defense fees and indemnification for any amount awarded against it in the underlying suit.  The costs of defense and indemnification are expected to exceed $75,000.00.

6.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.  There is complete diversity between the parties. Cincinnati is a citizen of Ohio, Weis Builders is a citizen of Minnesota and Ms. Russotto is a citizen of Illinois.  The amount in controversy is expected to exceed $75,000.00.  There is a justiciable controversy between the parties concerning their rights and obligations under the policy of insurance that Cincinnati issued to Just Rite.

7.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to the underlying dispute and this declaratory judgment action took place in Cook County.

## EVENTS GIVING RISE TO THIS SUIT

8.    On information and belief, in September 2004, Weis Builders acted as the general contractor or construction manager on a remodeling project at a Home Depot store located at 2555 North Normandy in Chicago (the "Project Site").

9.    On information and belief, Just Rite performed certain work as a subcontractor on the remodeling project at the Project Site.

10.    Ms. Russotto was an employee of Home Depot.  She claims to have been injured when she tripped over debris that had been allowed to accumulate on the Project Site.  The date of Ms. Russotto's alleged injury was September 11, 2004.

11.    Ms. Russotto filed a complaint against Weis Builders captioned as *Russotto v. Weis Builders, Inc.*, Case no. 06 L 9537, which is pending in the Circuit Court of Cook County (the "*Russotto* Action").  The *Russotto* Action was filed on September 11, 2006.  A true and accurate copy of the complaint in the *Russotto* Action is attached as Exhibit A.

12.    The *Russotto* Action alleges that Weis Builders is liable to her based on the following acts or omissions:

> a.    Failing to make a reasonable inspection of the premises and the work being done thereon, when Weiss knew or should have known that an inspection was necessary to disclose the accumulation of debris.
>
> b.    Improperly operating, managing, maintaining and controlling the premises, in that Weis Builders failed to provide Ms. Russotto with a safe, suitable and proper support, so that as a direct result, Ms. Russotto was injured.
>
> c.    Failing to provide Ms. Russotto with a safe place within which to work, in that Weis Builders knew or should have known that the absence of a safe, suitable and proper support was dangerous.
>
> d.    Failing to warn Ms. Russotto of the dangerous conditions when Weis Builders knew or should have known that in the absence of a warning Ms. Russotto would fail to appreciate the dangers presented by the dangerous conditions.

e.     Failing to exercise ordinary care in supervising work when Weis Builders knew or should have known that supervision was necessary to prevent Ms. Russotto from falling.

13.     On information and belief, Weis Builders appeared in the *Russotto* Action in November 2006.   A true and correct copy of the Cook County Information Summary for the *Russotto* Action, obtained from the website of the Clerk of the Circuit Court for Cook County, is attached as Exhibit B.

14.     Just Rite has not been named in the *Russotto* Action as an entity that is liable for Russotto's alleged injuries.

## CINCINNATI'S COVERAGE AND WEIS BUILDERS' TENDER

15.     Cincinnati issued policy CPP 090 66 27 to Just Rite (hereinafter the "Policy" or "Cincinnati's Policy").   The Policy incepted on February 20, 2004 and provides commercial general liability coverage.   True and accurate copies of the Policy's declaration page and relevant coverage forms are attached as Exhibit C.

16.     By correspondence dated February 8, 2008, Weis Builders tendered its defense of the *Russotto* Action to Just Rite.   Weis Builders claimed to be an additional injured on the Policy issued to Just Rite.   The tender was subsequently communicated to Cincinnati.   A true and accurate copy of Weis Builders' February 8, 2008 letter is attached as Exhibit D.

17.     Prior to Cincinnati's receipt of the February 8, 2008 letter, Cincinnati had not been notified of Ms. Russotto's alleged injury from any source. Prior to Weis Builders' tender, Cincinnati had not been provided copies of any notices, demands, summons or other papers related to the *Russotto* Action.

18.     By correspondence dated April 8, 2008, Cincinnati declined Weis Builders' tender due to: (1) late notice; (2) Weis Builders' failure to demonstrate that it qualified as an additional insured under the terms of Cincinnati's Policy; and (3) application of a Policy exclusion for liability arising out of an additional insured's sole negligence.   Cincinnati's letter explained to Weis Builders why coverage was not available to Weis under the policy issued to Just Rite.  A true and correct copy of the April 8, 2008 letter is attached as Exhibit E.

19.     Cincinnati's correspondence of April 8, 2008 and a subsequent letter of May 27, 2008 (attached as Exhibit F) requested that, based on Cincinnati's explanation, Weis Builders drop its claim for coverage from Cincinnati.  In the alternative, Cincinnati asked Weis Builders to explain why it believed Cincinnati had reached its coverage position in error, and to provide any supporting documentation.  Weis Builders failed to respond to these requests.

## COUNT I
## NO COVERAGE DUE TO LATE NOTICE

20.     Cincinnati incorporates and re-alleges paragraph 1 – 19 as if fully set forth herein.

21.     Cincinnati's Policy requires all insureds to provide immediate notice of suit.  The Policy states in relevant part:

> *SECTION   IV   -   COMMERCIAL   GENERAL   LIABILITY CONDITIONS*
>
> *     *          *          *
>
> *2.     Duties in the Event of Occurrence, Offense, Claim or Suit*
>
> *     *          *          *
>
> *c.     You and any other involved insured must:*

(1)  *Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";*

(2)  *Authorize us to obtain records and other information;*

(3)  *Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and*

(4)  *Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.*

d.  *No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.*

22.     Assuming that Weis Builders qualifies as an additional insured with respect to the *Russotto* Action, the Policy required Weis Builders to provide Cincinnati with immediate notice of *Russotto* suit.

23.     Ms. Russotto was injured in September 2004 and filed suit in September 2006.  Weis Builders did not notify Cincinnati of the incident or suit until February 2008.  Weis Builders' notice was not timely, resulting in a failure of a condition of coverage.  Cincinnati is therefore entitled to a declaration that it has no obligation to defend or indemnify Weis Builders in the *Russotto* Action.

**COUNT II**
**NO COVERAGE BECAUSE WEIS BUILDERS**
**<u>DOES NOT QUALIFY AS AN INSURED</u>**

24.     Cincinnati incorporates and re-alleges paragraph 1 – 19 as if fully set forth herein.

25.    Weis Builders is not named as an insured in Cincinnati's Policy.

26.    Cincinnati's Policy includes an endorsement on form GA 233 IL 08 02.  This form governs the Policy's coverage for any additional insured.  It states in relevant part:

> 9.    *Automatic Additional Insured - Specified Relationships*
>
> a.    *The following is hereby added to SECTION II - WHO IS AN INSURED:*
>
> (1)    *Any person or organization described in Paragraph 9.a.(2) below (hereinafter referred to as additional insured) whom you are required to add as an additional insured under this Coverage Part by reason of:*
>
> (a)    *A written contract or agreement; or*
>
> (b)    *An oral agreement or contract where a certificate of insurance showing that person or organization as an additional insured has been issued,*
>
> *is an insured. . . .*
>
> *        *        **
>
> (2)    *Only the following persons or organizations are additional insureds under this endorsement, and insurance coverage provided to such additional insureds is limited as provided herein:*
>
> *        *        **
>
> (f)    *Any person or organization with which you have agreed per Paragraph 9.a.(1) above to provide insurance, but only with respect to liability arising out of "your work" performed for that additional insured by you or on your behalf. . . .*
>
> *        *        **

(3)     *Any insurance provided to an additional insured designated under Paragraph 9.a.(2):*

*             *             *

(b)     *Subparagraphs (a), (b), (d), (e) and (f) does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the sole negligence or willful misconduct of the additional insured or their agents, "employees" or any other representative of the additional insured. . . .*

27.     Per this language from form GA 233 IL 08 02, Cincinnati provides additional insured coverage under certain conditions.  If Cincinnati's named insured, Just Rite, entered into a written or oral contract that required it to provide additional insured coverage to Weis Builders, then Weis may qualify as an additional insured under the Policy.  If the contract was oral, there must have been a certificate of insurance evidencing that coverage.

28.     Weis Builders has provided a certificate of insurance indicating that Weis Builders may be an additional insured on Cincinnati's Policy.  However, despite Cincinnati's requests, Weis Builders has provided no evidence of a written or oral contract requiring Just Rite to provide additional insured coverage to Weis Builders for the Home Depot Project Site.  As such, Cincinnati is entitled to a declaration that Weis Builders is not an additional insured on the Policy.

29.     In addition, any coverage afforded to Weis Builders as an additional insured under the Cincinnati Policy is limited to liability of Weis Builders that arises out of work performed by Just Rite for Weis Builders.  The *Russotto* Action alleges that Weis Builders was guilty of various acts or omissions in allowing

debris to accumulate in the area where Ms. Russotto was working. There is no allegation that Just Rite is in any way responsible for Russotto's alleged injuries, or that any liability of Weis Builders arose out of Just Rite's work. As a result, Weis Builders is not entitled to coverage as an additional insured under the Policy in connection with the *Russotto* Action.

**COUNT III**
**NO COVERAGE DUE TO SOLE NEGLIGENCE EXCLUSION**

30.    Cincinnati incorporates and re-alleges paragraphs 1 – 19 and 25-26 as if fully set forth herein.

31.    To the extent that Weis Builders qualifies as an additional insured on the Policy, which Cincinnati denies, the Policy excludes coverage for liability arising out of Weis Builders' sole negligence.

32.    A complaint naming only one defendant seeks damages arising out of that defendant's sole negligence. The *Russotto* Action was brought against Weis Builders only. Any liability imposed on Weis Builders in the *Russotto* Action arises out of its sole negligence and is therefore excluded from coverage. Cincinnati is entitled to a declaration that it has no obligation to defend or indemnify Weis Builders in the *Russotto* Action.

**PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, Cincinnati Insurance Company respectfully moves this Honorable Court to grant the relief it seeks and enter an order declaring that:

a.    Cincinnati has no obligation to defend or indemnify Weis Builders with respect to the *Russotto* Action; and

b.    Granting Cincinnati such other and further relief that the Court deems just in the circumstances.

Respectfully submitted,

LITCHFIELD CAVO LLP

 S/Omar S. Odland
Counsel for Cincinnati Insurance Company

Hope G. Nightingale (06184864)
Omar S. Odland (06237804)
LITCHFIELD CAVO LLP
303 W. Madison, Suite 300
Chicago, IL  60606
312/781-6614 (Ms. Nightingale)
312/781-6660 (Mr. Odland)
312/781-6630 (fax)

08CV4731
JUDGE GOTTSCHALL
MAGISTRATE JUDGE BROWN

PH

# EXHIBIT A

EIS BUILDERS    6122435010    T-887  P.03/06  F-467

Atty ID#: 42724
STATE OF ILLINOIS    )
    ) SS
COUNTY OF COOK    )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

RENEE P. RUSSOTTO,    )
    )
    Plaintiff,    )
    )
    vs.    )    No.    06 L 95 37
    )
WEIS BUIBER, INC. INDIVIDUALLY    )
AND D/B/A WEISS GENERAL CONTRACTORS    )
    )
    Defendant    )

### COMPLAINT AT LAW

Plaintiff, RENEE P. RUSSOTTO, by and through her attorneys, DZIEDZIAK

& MARCUS, P.C., and complaining of defendant, WEIS BUIBER, INC.

INDIVIDUALLY AND D/B/A WEISS GENERAL CONTRACTORS, alleges as follows:

1.    That on and before September 11, 2004, defendant owned and/or was

in charge of the erection, construction, repairs, alteration, removal and/or painting

of a certain structure located at 2555 North Normandy, Chicago, Cook County,

Illinois.

2.    That at the aforementioned time and place, plaintiff was employed

by Home Depot, and assigned work at said premises.

3.    That at the aforesaid time and place and prior thereto, defendant,

individually and through its agents, servants and employees, was present during

the course of such erection, construction, repairs, alteration, removal and/or

painting.  Defendant participated in coordinating the work being done and

designated various work methods, maintained and checked work progress and

participated in the scheduling of the work and the inspection of the work.  In

addition thereto, at that time and place, the defendant had the authority to stop

the work, refuse the work and materials and order changes in the work, in the event the work was being performed in a dangerous manner or for any other reason.

4.    That at all times material to this Complaint, defendant had a duty to exercise reasonable care in the erection, construction, placement or operation of said construction site including the provision of a safe, suitable and proper support for plaintiff and others then and there working.

5.    That at the aforesaid time and place, and prior thereto, defendant allowed and permitted debris to accumulate on the floor of the structure while installing fixtures.

6.    That at the aforesaid time and place the duties and responsibilities of plaintiff required that she work in the area where debris had accumulated on the floor.

7.    Notwithstanding its duty at said time and place defendant, by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

a.    Failed to make a reasonable inspection of the premises and the work being done thereon, when defendant knew or in the exercise of ordinary care should have known, that said inspection was necessary to disclose the accumulation of debris while installing fixtures; or,

b.    Improperly operated, managed, maintained and controlled the aforesaid premises, in that defendant failed to provide plaintiff with a safe, suitable and proper support, so that as a direct and proximate result thereof, plaintiff was injured; or,

c.    Failed to provide plaintiff with a safe place within which to work, in that defendant knew, or in the exercise of reasonable care should have known, that the absence of a safe, suitable and proper support was

dangerous; or,

d.　　Failed to warn plaintiff of the dangerous conditions then and there existing when defendant knew or, in the exercise of ordinary care, should have known that in the absence of a warning plaintiff would fail to appreciate the dangers presented by said dangerous condition; or,

e.　　Failed to exercise ordinary care in its supervision of the work when defendant knew, or reasonably should have known, that supervision was necessary to prevent the plaintiff from falling.

8.　　At the aforementioned time and place the plaintiff was working and tripped over debris which had accumulated on the floor causing plaintiff to fall.

9.　　That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions, plaintiff suffered injuries of a personal and pecuniary nature.

WHEREFORE, plaintiff, RENEE P. RUSSOTTO, demands judgment against defendant, WEIS BUIBER, INC. INDIVIDUALLY AND D/B/A WEISS GENERAL CONTRACTORS, in a sum in excess of the minimum jurisdictional requirements of the Circuit Court of Cook County, and more particularly, the Law Division.

Respectfully submitted,

DZIEDZIAK & MARCUS, P.C.

By: _____
John F. Dziedziak
Attorney for Plaintiff

Atty. No. #42724
John F. Dziedziak
DZIEDZIAK & MARCUS, P.C.
100 West Monroe Street, Suite 309
Chicago, Illinois 60603
312-443-5600
312-443-5601 (Fax)

08CV4731
JUDGE GOTTSCHALL
MAGISTRATE JUDGE BROWN


PH

# EXHIBIT B



*Dorothy Brown*

# Clerk of the Circuit Court

## Cook County

Case Information Summary for Case Number
2006-L-009537

Filing Date: 9/11/2006         Case Type: PERSONAL INJURY (CONSTRUCTION INJURIES)
Division: Law Division         District: First Municipal
Ad Damnum: $30001.00           Calendar: A

### Party Information

| **Plaintiff(s)** | **Attorney(s)** |
|---|---|
| RUSSOTTO RENEE P | DZIEDZIAK & MARCUS |
| | 100 W MONROE #309 |
| | CHICAGO IL, 60603 |
| | (312) 443-5600 |

| **Date of Service** | **Defendant(s)** | **Attorney(s)** |
|---|---|---|
| | HOME DEPOT USA INC | PURCELL & WARDROPE CHTD |
| | | 10 S LASALLE ST#1200 |
| | | CHICAGO IL, 60603 |
| | | (312) 427-3900 |
| | WEIS BUILDERS INC DBA | MAISEL ASSOCIATES |
| | | 200 N LASALLE #2000 |
| | | CHICAGO IL, 60601 |
| | | (312) 917-1400 |
| | WEISS GENERAL CONTRACTO | |

### Case Activity

Activity Date: 9/11/2006                    Participant: RUSSOTTO RENEE P

PERSONAL INJURY (CONSTRUCTION INJURIES) COMPLAINT FILED

Court Fee: 294.00                    Attorney: DZIEDZIAK & MARCUS
Ad Damnum Amount: 30001.00


Activity Date: 9/29/2006                    Participant: RUSSOTTO RENEE

NOTICE OF FILING FILED

Attorney: DZIEDZIAK & MARCUS


Activity Date: 10/26/2006                    Participant: RUSSOTTO RENEE P

CASE MANAGEMENT CALL NOTICE MAILED

Date: 1/10/2007
Court Time: 0930


Activity Date: 11/17/2006                    Participant: WEIS BUIBER INC DBA

APPEARANCE FILED - FEE PAID - (JURY DEMAND)

Court Fee: 393.00                    Attorney: MAISEL ASSOCIATES


Activity Date: 11/17/2006                    Participant: WEIS BLDRS

ANSWER TO COMPLAINT FILED

Attorney: MAISEL ASSOCIATES


Activity Date: 11/17/2006                    Participant: WEIS BLDRS

AFFIRMATIVE DEFENSE FILED

Attorney: MAISEL ASSOCIATES


Activity Date: 11/17/2006                    Participant: WEIS BUILDERS INC

NOTICE OF MOTION FILED

Date: 11/17/2006                    Attorney: MAISEL ASSOCIATES
Court Time: 0845


Activity Date: 11/17/2006                    Participant: WEIS BUILDERS INC

PROOF OF SERVICE FILED

Attorney: MAISEL ASSOCIATES


Activity Date: 11/17/2006                    Participant: WEIS BUILDERS INC

MOTION FILED

Attorney: MAISEL ASSOCIATES

Activity Date: 11/17/2006                    Participant: WEIS BUILDERS INC

FILE APPEARANCE OR JURY DEMAND, ANSWER OR PLEAD - ALLOWED -

Date: 11/17/2006                    Judge: SIMMONS,HENRY R. JR
Microfilm: LD000930148

Activity Date: 11/17/2006                    Participant: WEIS BUILDERS INC

VACATE ANY OR ALL DEFAULT ORDERS - ALLOWED -

Judge: SIMMONS,HENRY R. JR
Microfilm: LD000930148

Activity Date: 11/17/2006                    Participant: WEIS BUILDERS INC

FILE AFFIRMATIVE DEFENSE - ALLOWED -

Date: 11/17/2006                    Judge: SIMMONS,HENRY R. JR
Microfilm: LD000930148

Activity Date: 11/20/2006                    Participant: RUSSOTTO RENEE

NOTICE OF FILING FILED

Attorney: DZIEDZIAK & MARCUS

Activity Date: 11/20/2006                    Participant: RUSSOTTO RENEE

PROOF OF SERVICE FILED

Attorney: DZIEDZIAK & MARCUS

Activity Date: 12/19/2006                    Participant: WEIS BUILDERS

CERTIFICATE FILED

Attorney: MAISEL ASSOCIATES

Activity Date: 12/19/2006                    Participant: WEIS BUILDERS

CERTIFICATE FILED

Attorney: MAISEL ASSOCIATES

Activity Date: 12/19/2006                    Participant: WEIS BUILDERS

INTERROGATORIES FILED

Attorney: MAISEL ASSOCIATES

Activity Date: 12/19/2006                          Participant: WEIS BUILDERS

INTERROGATORIES TO BE ANSWERED UNDER OATH FILED

Attorney: MAISEL ASSOCIATES

Activity Date: 12/19/2006                          Participant: WEIS BUILDERS

NOTICE OF DEPOSITION FILED

Attorney: MAISEL ASSOCIATES

Activity Date: 12/19/2006                          Participant: WEIS BUILDERS

NOTICE OF FILING FILED

Attorney: MAISEL ASSOCIATES

Activity Date: 12/19/2006                          Participant: WEIS BUILDERS INC

PETITION TO PRODUCE FILED

Attorney: MAISEL ASSOCIATES

Activity Date: 12/19/2006                          Participant: WEIS BUILDERS

PROOF OF SERVICE FILED

Attorney: MAISEL ASSOCIATES

Activity Date: 12/19/2006                          Participant: WEIS BUILDERS

PROOF OF SERVICE FILED

Attorney: MAISEL ASSOCIATES

Activity Date: 12/28/2006                          Participant: RUSSOTTO RENEE

CERTIFICATE OF MAILING FILED

Attorney: DZIEDZIAK & MARCUS

Activity Date: 12/28/2006                          Participant: RUSSOTTO RENEE

PROOF OF SERVICE FILED

Attorney: DZIEDZIAK & MARCUS

Activity Date: 1/10/2007                          Participant: WEISS

DISCOVERY - ALLOWED -

Date: 2/7/2007                    Judge: SIMMONS,HENRY R. JR
                                 Microfilm: LD000031604


Activity Date: 1/10/2007                    Participant: RUSSOTTO

DISCOVERY - ALLOWED -

Date: 2/7/2007                    Judge: SIMMONS,HENRY R. JR
                                 Microfilm: LD000031604


Activity Date: 1/10/2007                    Participant: WEISS

CASE CONTINUED FOR CASE MANAGEMENT CONFERENCE - ALLOWED -

Date: 2/20/2007                   Judge: SIMMONS,HENRY R. JR
Court Time: 1030                  Microfilm: LD000031604


Activity Date: 1/10/2007                    Participant: WEISS

CASE ASSIGNED TO CATEGORY 2 - DISC. COMPLETED IN 28 MONTHS

Judge: SIMMONS,HENRY R. JR
                                 Microfilm: LD000031604


Activity Date: 1/30/2007                    Participant: WEIS BUILDERS

EXHIBITS FILED

Attorney: MAISEL ASSOCIATES


Activity Date: 1/30/2007                    Participant: WEIS BUILDERS

NOTICE OF DEPOSITION FILED

Date: 2/13/2007                   Attorney: MAISEL ASSOCIATES
Court Time: 1000


Activity Date: 2/13/2007                    Participant: RUSSOTTO RENEE

CERTIFICATE OF MAILING FILED

Attorney: DZIEDZIAK & MARCUS


Activity Date: 2/13/2007                    Participant: RUSSOTTO RENEE

PROOF OF SERVICE FILED

Attorney: DZIEDZIAK & MARCUS


Activity Date: 2/20/2007                    Participant: RUSSOTO

TAKING OF DEPOSITION - ALLOWED -

Date: 10/17/2007                    Judge: QUINN, THOMAS P.
                                    Microfilm: LD000162854


Activity Date: 2/20/2007                    Participant: WEISS BUILDERS

TAKING OF DEPOSITION - ALLOWED -

Date: 10/17/2007                    Judge: QUINN, THOMAS P.
                                    Microfilm: LD000162854


Activity Date: 2/20/2007                    Participant: RUSSOTO

TAKING OF DEPOSITION - ALLOWED -

Date: 10/17/2007                    Judge: QUINN, THOMAS P.
                                    Microfilm: LD000162854


Activity Date: 2/20/2007                    Participant: RUSSOTO

DISCOVERY - ALLOWED -

Date: 6/13/2007                    Judge: QUINN, THOMAS P.
                                    Microfilm: LD000162854


Activity Date: 2/20/2007                    Participant: RUSSOTO

CASE CONTINUED FOR CASE MANAGEMENT CONFERENCE - ALLOWED -

Date: 11/14/2007                    Judge: QUINN, THOMAS P.
Court Time: 1100                    Microfilm: LD000162854


Activity Date: 2/20/2007                    Participant: RUSSOTO

CASE ASSIGNED TO CATEGORY 2 - DISC. COMPLETED IN 28 MONTHS

Judge: QUINN, THOMAS P.
Microfilm: LD000162854


Activity Date: 2/28/2007                    Participant: WEIS BUILDERS INC

AFFIDAVIT OF COMPLIANCE FILED

Attorney: MAISEL ASSOCIATES


Activity Date: 2/28/2007                    Participant: WEIS BUILDERS INC

AFFIDAVIT OF COMPLIANCE FILED

Attorney: MAISEL ASSOCIATES


Activity Date: 2/28/2007                    Participant: WEIS BUILDERS INC

CERTIFICATE FILED

Attorney: MAISEL ASSOCIATES

Activity Date: 2/28/2007                    Participant: WEIS BUILDERS INC

ANSWER TO INTERROGATORIES FILED

Attorney: MAISEL ASSOCIATES

Activity Date: 2/28/2007                    Participant: WEIS BUILDERS INC

RESPONSE / REPLY - FILED

Attorney: MAISEL ASSOCIATES

Activity Date: 2/28/2007                    Participant: WEIS BUILDERS INC

NOTICE OF FILING FILED

Attorney: MAISEL ASSOCIATES

Activity Date: 2/28/2007                    Participant: WEIS BUILDERS INC

PROOF OF SERVICE FILED

Attorney: MAISEL ASSOCIATES

Activity Date: 3/6/2007                    Participant: WEIS BUILDERS,INC

CERTIFICATE FILED

Attorney: MAISEL ASSOCIATES

Activity Date: 3/6/2007                    Participant: WEIS BUILDERS,INC

SUPPLEMENTAL OR ADDITIONAL INTERROGATORIES FILED

Attorney: MAISEL ASSOCIATES

Activity Date: 3/6/2007                    Participant: WEIS BUILDERS,INC

NOTICE OF FILING FILED

Attorney: MAISEL ASSOCIATES

Activity Date: 3/6/2007                    Participant: WEIS BUILDERS,INC

PROOF OF SERVICE FILED

Attorney: MAISEL ASSOCIATES

Activity Date: 5/31/2007                    Participant: WEISS GENERAL CONT

CERTIFICATE OF MAILING FILED

Attorney: DZIEDZIAK & MARCUS

Activity Date: 5/31/2007        Participant: WEISS GENERAL CONT

PROOF OF SERVICE FILED

Attorney: DZIEDZIAK & MARCUS

Activity Date: 11/14/2007        Participant: WEISS BUIDER INC

FILE ADDITIONAL PARTY COMPLAINT - ALLOWED -

Date: 11/21/2007        Judge: SURIANO, DONALD J.

Microfilm: LD000912780

Activity Date: 11/14/2007        Participant: WEISS BUIDER INC

ISSUE WRIT - ALLOWED -

Date: 11/21/2007        Judge: SURIANO, DONALD J.

Microfilm: LD000912780

Activity Date: 11/14/2007        Participant: WEISS BUIDER INC

CASE CONTINUED FOR CASE MANAGEMENT CONFERENCE - ALLOWED -

Date: 1/23/2008        Judge: SURIANO, DONALD J.

Court Time: 1030        Microfilm: LD000912780

Activity Date: 11/21/2007        Participant: WEIS BUILDERS INC

ADDITIONAL PARTY COMPLAINT (THIRD PARTY, ETC.) FILED

Court Fee: 131.00        Attorney: MAISEL ASSOCIATES

Microfilm: LD000000000

Activity Date: 11/21/2007        Participant: WEIS BUILDERS INC

NOTICE OF FILING FILED

Attorney: MAISEL ASSOCIATES

Activity Date: 11/21/2007        Participant: WEIS BUILDERS INC

PROOF OF SERVICE FILED

Attorney: MAISEL ASSOCIATES

Activity Date: 1/23/2008        Participant: WEIS BUILDERS

## TAKING OF DEPOSITION - ALLOWED -

Date: 9/24/2008                              Judge: QUINN, THOMAS P.
                                            Microfilm: LD000062897


Activity Date: 1/23/2008                     Participant: WEIS BUILDERS

## DISCOVERY - ALLOWED -

Date: 4/16/2008                             Judge: QUINN, THOMAS P.
                                           Microfilm: LD000062897


Activity Date: 1/23/2008                     Participant: WEIS BUILDERS

## CASE CONTINUED FOR CASE MANAGEMENT CONFERENCE - ALLOWED -

Date: 10/8/2008                            Judge: QUINN, THOMAS P.
Court Time: 1000                           Microfilm: LD000062897


Activity Date: 1/23/2008                     Participant: WEIS BUILDERS

## CASE ASSIGNED TO CATEGORY 2 - DISC. COMPLETED IN 28 MONTHS

                                          Judge: QUINN, THOMAS P.
                                          Microfilm: LD000062897


Activity Date: 2/14/2008                     Participant: HOME DEPOT USA INC

## APPEARANCE FILED - FEE PAID - (JURY DEMAND)

Court Fee: 393.00                          Attorney: PURCELL & WARDROPE CHTD


Activity Date: 2/14/2008                     Participant: HOME DEPOT

## CERTIFICATE OF MAILING FILED

                                          Attorney: PURCELL & WARDROPE CHTD


Activity Date: 2/14/2008                     Participant: HOME DEPOT

## NOTICE OF FILING FILED

                                          Attorney: PURCELL & WARDROPE CHTD


Activity Date: 2/20/2008                     Participant: HOME DEPOT

## CERTIFICATE OF MAILING FILED

                                          Attorney: PURCELL & WARDROPE CHTD


Activity Date: 2/20/2008                     Participant: HOME DEPOT

NOTICE OF MOTION FILED

Attorney: PURCELL & WARDROPE CHTD

Activity Date: 2/20/2008                    Participant: HOME DEPOT

MOTION FILED

Attorney: PURCELL & WARDROPE CHTD

Activity Date: 2/20/2008                    Participant: HOME DEPOT

FILE APPEARANCE OR JURY DEMAND, ANSWER OR PLEAD - ALLOWED -

Date: 3/19/2008                    Judge: QUINN, THOMAS P.
Microfilm: LD000132712

Activity Date: 2/26/2008                    Participant: RUSSOTTO RENEE

NOTICE OF FILING FILED

Attorney: DZIEDZIAK & MARCUS

Activity Date: 2/26/2008                    Participant: RUSSOTTO RENEE

PROOF OF SERVICE FILED

Attorney: DZIEDZIAK & MARCUS

Activity Date: 2/29/2008                    Participant: HOME DEPOT USA INC

CERTIFICATE OF MAILING FILED

Attorney: PURCELL & WARDROPE CHTD

Activity Date: 2/29/2008                    Participant: HOME DEPOT USA

CERTIFICATE OF MAILING FILED

Attorney: PURCELL & WARDROPE CHTD

Activity Date: 2/29/2008                    Participant: HOME DEPOT USA INC

INTERROGATORIES FILED

Attorney: PURCELL & WARDROPE CHTD

Activity Date: 2/29/2008                    Participant: HOME DEPOT USA

INTERROGATORIES FILED

Attorney: PURCELL & WARDROPE CHTD

Activity Date: 2/29/2008                                    Participant: HOME DEPOT USA

    INTERROGATORIES FILED

               Attorney: PURCELL & WARDROPE CHTD


Activity Date: 2/29/2008                                    Participant: HOME DEPOT USA

    INTERROGATORIES FILED

               Attorney: PURCELL & WARDROPE CHTD


Activity Date: 2/29/2008                                    Participant: HOME DEPOT USA INC

    NOTICE OF FILING FILED

               Attorney: PURCELL & WARDROPE CHTD


Activity Date: 2/29/2008                                    Participant: HOME DEPOT USA

    NOTICE OF FILING FILED

               Attorney: PURCELL & WARDROPE CHTD


Activity Date: 2/29/2008                                    Participant: HOME DEPOT USA INC

    NOTICE TO PRODUCE FILED

               Attorney: PURCELL & WARDROPE CHTD


Activity Date: 2/29/2008                                    Participant: HOME DEPOT USA

    NOTICE TO PRODUCE FILED

               Attorney: PURCELL & WARDROPE CHTD


Activity Date: 2/29/2008                                    Participant: HOME DEPOT USA INC

    PETITION TO PRODUCE FILED

               Attorney: PURCELL & WARDROPE CHTD


Activity Date: 2/29/2008                                    Participant: HOME DEPOT USA

    PETITION TO PRODUCE FILED

               Attorney: PURCELL & WARDROPE CHTD


Activity Date: 3/6/2008                                    Participant: RUSSOTTO RENEE

    CERTIFICATE FILED

               Attorney: DZIEDZIAK & MARCUS

Activity Date: 3/6/2008                          Participant: RUSSOTTO RENEE

PROOF OF SERVICE FILED

Attorney: DZIEDZIAK & MARCUS

Activity Date: 3/27/2008                          Participant: WEIS BUILDERS INC

CERTIFICATE OF MAILING FILED

Attorney: PURCELL & WARDROPE CHTD

Activity Date: 3/27/2008                          Participant: HOME DEPOT USA INC

CERTIFICATE OF MAILING FILED

Attorney: PURCELL & WARDROPE CHTD

Activity Date: 3/27/2008                          Participant: WEISS GENERAL CONT

CERTIFICATE OF MAILING FILED

Attorney: PURCELL & WARDROPE CHTD

Activity Date: 3/27/2008                          Participant: WEIS BUILDERS INC

CERTIFICATE OF MAILING FILED

Attorney: PURCELL & WARDROPE CHTD

Activity Date: 3/27/2008                          Participant: HOME DEPOT USA INC

CERTIFICATE OF MAILING FILED

Attorney: PURCELL & WARDROPE CHTD

Activity Date: 3/27/2008                          Participant: WEISS GENERAL CONT

CERTIFICATE OF MAILING FILED

Attorney: PURCELL & WARDROPE CHTD

Activity Date: 3/27/2008                          Participant: WEIS BUILDERS INC

ANSWER TO AFFIRMATIVE DEFENSE FILED

Attorney: PURCELL & WARDROPE CHTD

Activity Date: 3/27/2008                          Participant: HOME DEPOT USA INC

ANSWER TO AFFIRMATIVE DEFENSE FILED

Attorney: PURCELL & WARDROPE CHTD

Activity Date: 3/27/2008　　　　　　　　Participant: WEISS GENERAL CONT

ANSWER TO AFFIRMATIVE DEFENSE FILED

Attorney: PURCELL & WARDROPE CHTD


Activity Date: 3/27/2008　　　　　　　　Participant: WEIS BUILDERS INC

ANSWER TO INTERROGATORIES FILED

Attorney: PURCELL & WARDROPE CHTD


Activity Date: 3/27/2008　　　　　　　　Participant: HOME DEPOT USA INC

ANSWER TO INTERROGATORIES FILED

Attorney: PURCELL & WARDROPE CHTD


Activity Date: 3/27/2008　　　　　　　　Participant: WEISS GENERAL CONT

ANSWER TO INTERROGATORIES FILED

Attorney: PURCELL & WARDROPE CHTD


Activity Date: 3/27/2008　　　　　　　　Participant: WEIS BUILDERS INC

NOTICE OF FILING FILED

Attorney: PURCELL & WARDROPE CHTD


Activity Date: 3/27/2008　　　　　　　　Participant: HOME DEPOT USA INC

NOTICE OF FILING FILED

Attorney: PURCELL & WARDROPE CHTD


Activity Date: 3/27/2008　　　　　　　　Participant: WEISS GENERAL CONT

NOTICE OF FILING FILED

Attorney: PURCELL & WARDROPE CHTD


Activity Date: 3/27/2008　　　　　　　　Participant: WEIS BUILDERS INC

NOTICE OF FILING FILED

Attorney: PURCELL & WARDROPE CHTD


Activity Date: 3/27/2008　　　　　　　　Participant: HOME DEPOT USA INC

NOTICE OF FILING FILED

Attorney: PURCELL & WARDROPE CHTD

Activity Date: 3/27/2008                    Participant: WEISS GENERAL CONT

NOTICE OF FILING FILED

Attorney: PURCELL & WARDROPE CHTD


Activity Date: 4/30/2008                    Participant: RUSSOTTO RENEE

NOTICE OF FILING OF RESPONSE OR ANSWER FILED

Attorney: DZIEDZIAK & MARCUS


Activity Date: 4/30/2008                    Participant: RUSSOTTO RENEE

PROOF OF SERVICE FILED

Attorney: DZIEDZIAK & MARCUS


Activity Date: 5/9/2008                     Participant: HOME DEPOT USA INC

EXHIBITS FILED

Attorney: PURCELL & WARDROPE CHTD


Activity Date: 5/9/2008                     Participant: HOME DEPOT USA INC

NOTICE OF DEPOSITION FILED

Attorney: PURCELL & WARDROPE CHTD


Activity Date: 5/30/2008                    Participant: WEIS BUILDERS INC

CERTIFICATE FILED

Attorney: MAISEL ASSOCIATES


Activity Date: 5/30/2008                    Participant: WEIS BUILDERS INC

CERTIFICATE FILED

Attorney: MAISEL ASSOCIATES


Activity Date: 5/30/2008                    Participant: WEIS BUILDERS INC

EXHIBITS FILED

Attorney: MAISEL ASSOCIATES


Activity Date: 5/30/2008                    Participant: WEIS BUILDERS INC

ANSWER TO INTERROGATORIES FILED

Attorney: MAISEL ASSOCIATES

Activity Date: 5/30/2008      Participant: WEIS BUILDERS INC

RESPONSE / REPLY - FILED

Attorney: MAISEL ASSOCIATES


Activity Date: 5/30/2008      Participant: WEIS BUILDERS INC

NOTICE OF FILING FILED

Attorney: MAISEL ASSOCIATES


Activity Date: 5/30/2008      Participant: WEIS BUILDERS INC

PROOF OF SERVICE FILED

Attorney: MAISEL ASSOCIATES


Activity Date: 6/3/2008      Participant: WEIS BUILDERS DBA

EXHIBITS FILED

Attorney: MAISEL ASSOCIATES


Activity Date: 6/3/2008      Participant: WEIS BUILDERS DBA

NOTICE OF MOTION FILED

Date: 6/10/2008      Attorney: MAISEL ASSOCIATES

Court Time: 1000


Activity Date: 6/3/2008      Participant: WEIS BUILDERS DBA

PROOF OF SERVICE FILED

Attorney: MAISEL ASSOCIATES


Activity Date: 6/3/2008      Participant: WEIS BUILDERS DBA

MOTION FILED

Attorney: MAISEL ASSOCIATES


Activity Date: 6/3/2008      Participant: WEIS BUILDERS DBA

MOTION SPINDLED

Date: 6/10/2008      Attorney: MAISEL ASSOCIATES

Court Time: 1000


Activity Date: 6/10/2008      Participant: RUSSOTTO RENEE

TAKING OF DEPOSITION - ALLOWED -

Date: 6/20/2008                     Judge: QUINN, THOMAS P.
                                    Microfilm: LD000401169


Activity Date: 6/10/2008                     Participant: RUSSOTTO RENEE

                     DISCOVERY - ALLOWED -

            Date: 6/18/2008              Judge: QUINN, THOMAS P.
                                         Microfilm: LD000401169


Activity Date: 6/19/2008                     Participant: HOME DEPOT USA INC

                     AFFIDAVIT FILED

                                    Attorney: PURCELL & WARDROPE CHTD


Activity Date: 6/19/2008                     Participant: HOME DEPOT USA

            CERTIFICATE OF MAILING FILED

                                    Attorney: PURCELL & WARDROPE CHTD


Activity Date: 6/19/2008                     Participant: HOME DEPOT USA INC

                     EXHIBITS FILED

                                    Attorney: PURCELL & WARDROPE CHTD


Activity Date: 6/19/2008                     Participant: HOME DEPOT USA

            ANSWER TO INTERROGATORIES FILED

                                    Attorney: PURCELL & WARDROPE CHTD


Activity Date: 6/19/2008                     Participant: HOME DEPOT USA

            ANSWER TO INTERROGATORIES FILED

                                    Attorney: PURCELL & WARDROPE CHTD


Activity Date: 6/19/2008                     Participant: HOME DEPOT USA INC

                     RESPONSE / REPLY - FILED

                                    Attorney: PURCELL & WARDROPE CHTD


Activity Date: 6/19/2008                     Participant: HOME DEPOT USA

                     NOTICE OF FILING FILED

                                    Attorney: PURCELL & WARDROPE CHTD

Activity Date: 6/26/2008                    Participant: WEIS BUILDERS INC

CERTIFICATE OF MAILING FILED

Attorney: MAISEL ASSOCIATES


Activity Date: 6/26/2008                    Participant: WEIS BUILDERS INC

INTERROGATORIES FILED

Attorney: MAISEL ASSOCIATES


Activity Date: 6/26/2008                    Participant: WEIS BUILDERS INC

INTERROGATORIES FILED

Attorney: MAISEL ASSOCIATES


Activity Date: 6/26/2008                    Participant: WEIS BUILDERS INC

NOTICE TO PRODUCE FILED

Attorney: MAISEL ASSOCIATES


Activity Date: 6/26/2008                    Participant: WEIS BUILDERS INC

PETITION TO PRODUCE FILED

Attorney: MAISEL ASSOCIATES


Activity Date: 7/15/2008                    Participant: HOME DEPOT USA INC

EXHIBITS FILED

Attorney: PURCELL & WARDROPE CHTD


Activity Date: 7/15/2008                    Participant: HOME DEPOT USA INC

NOTICE OF DEPOSITION FILED

Attorney: PURCELL & WARDROPE CHTD


Activity Date: 7/24/2008                    Participant: WEIS BUILDERS INC

CERTIFICATE FILED

Attorney: PURCELL & WARDROPE CHTD


Activity Date: 7/24/2008                    Participant: HOME DEPOT USA INC

CERTIFICATE FILED

Attorney: PURCELL & WARDROPE CHTD

Activity Date: 7/24/2008                    Participant: HOME DEPOT USA INC

CERTIFICATE FILED

Attorney: PURCELL & WARDROPE CHTD


Activity Date: 7/24/2008                    Participant: HOME DEPOT USA INC

CERTIFICATE FILED

Attorney: PURCELL & WARDROPE CHTD


Activity Date: 7/24/2008                    Participant: HOME DEPOT USA INC

CERTIFICATE FILED

Attorney: PURCELL & WARDROPE CHTD


Activity Date: 7/24/2008                    Participant: WEIS BUILDERS INC

CERTIFICATE OF MAILING FILED

Attorney: PURCELL & WARDROPE CHTD


Activity Date: 7/24/2008                    Participant: HOME DEPOT USA INC

CERTIFICATE OF MAILING FILED

Attorney: PURCELL & WARDROPE CHTD


Activity Date: 7/24/2008                    Participant: HOME DEPOT USA INC

ANSWER TO INTERROGATORIES FILED

Attorney: PURCELL & WARDROPE CHTD


Activity Date: 7/24/2008                    Participant: HOME DEPOT USA INC

ANSWER TO INTERROGATORIES FILED

Attorney: PURCELL & WARDROPE CHTD


Activity Date: 7/24/2008                    Participant: HOME DEPOT USA INC

ANSWER TO INTERROGATORIES FILED

Attorney: PURCELL & WARDROPE CHTD


Activity Date: 7/24/2008                    Participant: WEIS BUILDERS INC

RESPONSE / REPLY - FILED

Attorney: PURCELL & WARDROPE CHTD

Activity Date: 7/24/2008                              Participant: HOME DEPOT USA INC

RESPONSE / REPLY - FILED

Attorney: PURCELL & WARDROPE CHTD


Activity Date: 7/24/2008                              Participant: WEIS BUILDERS INC

NOTICE OF FILING FILED

Attorney: PURCELL & WARDROPE CHTD


Activity Date: 7/24/2008                              Participant: HOME DEPOT USA INC

NOTICE OF FILING FILED

Attorney: PURCELL & WARDROPE CHTD


Activity Date: 7/24/2008                              Participant: HOME DEPOT USA INC

NOTICE OF FILING FILED

Attorney: PURCELL & WARDROPE CHTD

---

Please note: Neither the Circuit Court of Cook County nor the Clerk of the Circuit Court of Cook County warrants the accuracy, completeness, or the currency of this data. This data is not an official record of the Court or the Clerk and may not be represented as an official court record.

If data does not appear in a specific field, we likely do not have the responsive data in our master database.


Return to Search Page

08CV4731
JUDGE GOTTSCHALL
MAGISTRATE JUDGE BROWN

PH

# EXHIBIT C

# THE CINCINNATI INSURANCE COMPANY

A STOCK INSURANCE COMPANY

## COMMERCIAL GENERAL LIABILITY COVERAGE
## PART DECLARATIONS

Attached to and forming part of POLICY NUMBER: CPP 090 66 27    Effective Date: 02-20-2004

Named Insured: IS THE SAME AS IT APPEARS ON THE COMMON POLICY DECLARATION

**LIMITS OF INSURANCE**

| | |
|---|---|
| EACH OCCURRENCE LIMIT | $ 1,000,000 |
| GENERAL AGGREGATE LIMIT | $ 2,000,000 |
| PRODUCTS-COMPLETED OPERATIONS AGGREGATE LIMIT | $ 2,000,000 |
| PERSONAL & ADVERTISING INJURY LIMIT | $ 1,000,000   ANY ONE PERSON OR ORGANIZATION |
| DAMAGE TO PREMISES RENTED TO YOU LIMIT $100,000 limit unless otherwise indicated herein: | $ REFER TO GA233   ANY ONE PREMISES |
| MEDICAL EXPENSE LIMIT $5,000 limit unless otherwise indicated herein: | $ REFER TO GA233   ANY ONE PERSON |

| CLASSIFICATION | CODE NO. | PREMIUM BASE A - Area B - Payroll C - Gross Sales D - Units E - Other | RATE Products / Completed Operations | All Other | ADVANCE PREMIUM Products / Completed Operations | All Other |
|---|---|---|---|---|---|---|
| ILLINOIS | | | | | | |
| AUTOMATIC ADD. INSURED-CONTRACTORS OPERATIONS | 29970 | | | | | 6,985 |
| CONTRACTORS BROADENED COVERAGE | 29975 | | | | | 2,794 |
| CONTRACTORS-EXECUTIVE INCL PROD AND/OR COMP OP | 91580 | B 285,000 | | 88.961 | | 25,354 |
| CONT.-REPAIR FOR BLDG. | 91585 | E IF ANY | 1.800 | .960 | STA | STA |
| DRY WALL OR WALLBOARD INSTAL. | 92338 | B 5,000,000 | 1.216 | 8.868 | 6,080 | 44,340 |
| ARIZONA DRY WALL OR WALLBOARD INSTAL. | 92338 | B 600,000 | 2.309 | 4.456 | 1,385 | 2,673 |

The General Liability Coverage Part is subject to an annual minimum premium.

TOTAL ANNUAL PREMIUM   $ 89,611

FORMS AND / OR ENDORSEMENTS APPLICABLE TO THIS COVERAGE PART:
GA101   10/01   GA4201IL   10/01   CG0300   01/96   GA233IL   08/02
GA369   11/02   GA382   03/02

GA 501 10 01

# COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this Coverage Part restrict this insurance.   Read the entire Coverage Part carefully to determine rights, duties and what is and is not covered.

Throughout this Coverage Part the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this Coverage Part.   The words "we", "us" and "our" refer to the Company providing this insurance.

The word "insured" means any person or organization qualifying as such under **SECTION II - WHO IS AN INSURED.**

Other words and phrases that appear in quotation marks have special meaning.   Refer to **SECTION V - DEFINITIONS.**

## SECTION I - COVERAGES

### COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1.**   **Insuring Agreement**

**a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.   We will have the right and duty to defend the insured against any "suit" seeking those damages.   However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.   We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.   But:

**(1)**   The amount we will pay for damages is limited as described in **SECTION III - LIMITS OF INSURANCE;** and

**(2)**   Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under **SECTION I - COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY; SECTION I - COVERAGES, COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY;** or medical expenses under **SECTION I - COVERAGES, COVERAGE C. MEDICAL PAYMENTS.**

No other obligation or liability to pay sums or perform acts or services is covered unless expressly provided for under

**SUPPLEMENTARY PAYMENTS - COVERAGES A AND B.**

**b.**   This insurance applies to "bodily injury" and "property damage" only if:

**(1)**   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)**   The "bodily injury" or "property damage" occurs during the policy period; and

**(3)**   Prior to the "coverage term" in which "bodily injury" or "property damage" occurs, you did not know, per Paragraph **1.d.** below, that the "bodily injury" or "property damage" had occurred or had begun to occur, in whole or in part.

**c.**   "Bodily injury" or "property damage" which:

**(1)**   Occurs during the "coverage term"; and

**(2)**   Was not, prior to the "coverage term", known by you, per Paragraph **1.d.** below, to have occurred;

includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the "coverage term" in which it first became known by you.

**d.**   You will be deemed to know that "bodily injury" or "property damage" has occurred at the earliest time when any "authorized representative":

**(1)**   Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)**   Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage";

**(3)**   First observes, or reasonably should have first observed, the "bodily injury" or "property damage";

**(4)**   Becomes aware, or reasonably should have become aware, by any means other than as described in **(3)** above, that "bodily injury" or "property damage" had occurred or had begun to occur; or

**(5)**   Becomes aware, or reasonably should have become aware, of a

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

condition from which "bodily injury" or "property damage" was substantially certain to occur.

e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

2. **Exclusions**

This insurance does not apply to:

a. **Expected or Intended Injury**

"Bodily injury" or "property damage" which may reasonably be expected to result from the intentional or criminal acts of the insured or which is in fact expected or intended by the insured, even if the injury or damage is of a different degree or type than actually expected or intended. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

b. **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. When a claim for such "bodily injury" or "property damage" is made, we will defend that claim provided the insured has assumed the obligation to defend such claim in the "insured contract". Such defense payments will not reduce the limits of insurance.

c. **Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

(1) Causing or contributing to the intoxication of any person;

(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

d. **Workers' Compensation and Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

e. **Employer's Liability**

"Bodily injury" to:

(1) An "employee" of the insured sustained in the "workplace";

(2) An "employee" of the insured arising out of the performance of duties related to the conduct of the insured's business; or

(3) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraphs (1) or (2) above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

f. **Pollutant**

(1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release, escape or emission of "pollutants":

(a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. However, Paragraph (a) does not apply to:

1) "Bodily injury" to any person injured while on any premises, site or location owned or occupied by, or rented or loaned to, you provided:

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

a) The injury is caused by the inadequate ventilation of vapors;

b) The person injured is first exposed to such vapors during the policy period; and

c) Within 30 days of such first exposure, the person injured is clinically diagnosed or treated by a physician for the medical condition caused by the exposure to such vapors. However, Paragraph **c)** does not apply if the "bodily injury" is caused by vapors from equipment used to heat the building.

This exception **1)** shall apply only to Named Insureds; we shall have no duty to defend or pay damages for any person or organization that is not a Named Insured. However, this paragraph does not apply if the "bodily injury" is caused by vapors from equipment used to heat the building.

For the purpose of the exception granted in Paragraph **1)** only, vapors means any gaseous or airborne irritant or airborne contaminant, other than asbestos, which is discharged, dispersed, or released or escapes from materials, machinery or equipment used in the service or maintenance of the premises. Vapors does not mean any gaseous or airborne irritants or contaminants used in a manufacturing process or which is the product or by-product of any manufacturing process;

2) "Bodily injury" or "property damage" for which you may be held liable, if you are a contractor, and the owner or lessee of such premises, site or location has been added to this Coverage Part as an additional insured with respect to your ongoing operations or "your work" per-

formed for that additional insured at that premises, site or location and such premises, site or location is not and never was owned or occupied by, or rented or loaned to, any insured, other than that additional insured; or

3) "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire";

(b) At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

(c) Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for:

1) Any insured; or

2) Any person or organization for whom you may be legally responsible;

(d) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the "pollutants" are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor. However, Paragraph **(d)** does not apply to:

1) "Bodily injury" or "property damage" arising out of the discharge, dispersal, seepage, migration, release, escape or emission of fuels, lubricants or other operating fluids, or exhaust gases, which are needed to perform, or are the result of, the normal electrical, hydraulic or mechanical functions necessary for the operation of "mobile equipment" or its parts, if such fuels, lubricants or other operating fluids, or exhaust gases, escape, seep, migrate, or are discharged, dispersed, released or emitted from a vehicle part designed to

hold, store or receive them. This exception does not apply if the fuels, lubricants or other operating fluids, or exhaust gases, are discharged, dispersed, released or emitted with the intent to cause "bodily injury" or "property damage" or with the knowledge that "bodily injury" or "property damage" is substantially certain to occur, or if such fuels, lubricants or other operating fluids, or exhaust gases, are brought on or to the premises, site or location with such intent to be discharged, dispersed, released, or emitted as part of the operations being performed by such insured, contractor or subcontractor;

2) "Bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from materials brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor; or

3) "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire"; or

(e) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants".

(2) Any loss, cost or expense arising out of any:

(a) Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

(b) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

However, Paragraphs **(2)(a)** and **(b)** do not apply to liability for damages because of "property damage" that the insured would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

g. **Aircraft, Auto or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

This exclusion does not apply to:

(1) A watercraft while ashore on premises you own or rent;

(2) A watercraft you do not own that is:

(a) Less than 51 feet long; and

(b) Not being used to carry persons or property for a charge;

(3) Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;

(4) Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft; or

(5) "Bodily injury" or "property damage" arising out of the operation of any of the equipment listed in Paragraph **f.(2)** or **f.(3)** of the definition of "mobile equipment".

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

**h. Mobile Equipment**

"Bodily injury" or "property damage" arising out of:

**(1)** The transportation of "mobile equipment" by an "auto" owned or operated by or rented or loaned to any insured; or

**(2)** The use of "mobile equipment" in, or while in practice for, or while being prepared for, any prearranged racing, speed, demolition, or stunting activity.

**i. War**

"Bodily injury" or "property damage" due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution. This exclusion applies only to liability assumed under a contract or agreement.

**j. Damage to Property**

"Property damage" to:

**(1)** Property you own, rent or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

**(2)** Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

**(3)** Property loaned to you;

**(4)** Personal property in the care, custody or control of an insured;

**(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs **(1)**, **(3)** and **(4)** of this exclusion do not apply to "property damage" (other than damage by fire or explosion) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days, for which the amount we will pay is limited to the Damage To Premises Rented To You

Limit as described in **SECTION III - LIMITS OF INSURANCE**.

Paragraph **(2)** of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs **(3)**, **(4)**, **(5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**k. Damage to Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l. Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m. Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n. Recall of Products, Work or Impaired Property**

Any liability or damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)** "Your product";

**(2)** "Your work"; or

**(3)** "Impaired property";

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**o.   Personal and Advertising Injury**

"Bodily injury" arising out of "personal and advertising injury".

**p.   Asbestos**

"Bodily injury" or "property damage" arising out of, attributable to, or any way related to asbestos in any form or transmitted in any manner.

**q.   Employment-Related Practices**

"Bodily injury" to:

**(1)** A person arising out of any:

    **(a)** Refusal to employ that person;

    **(b)** Termination of that person's employment; or

    **(c)** Other employment-related practices, policies, acts or omissions including but not limited to coercion, criticism, demotion, evaluation, failure to promote, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

**(2)** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraphs **(a)**, **(b)** or **(c)** above is directed.

This exclusion applies:

**(1)** Whether the insured may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

**r.   Additional Insured Prior Knowledge**

An additional insured added by attachment of an endorsement to this Coverage Part that is seeking coverage for a claim or "suit", if that additional insured knew, per the following paragraph, that "bodily injury" or "property damage" had occurred or had begun to occur, in whole or in part, prior to the "coverage term" in which such

"bodily injury" or "property damage" occurs or begins to occur.

An additional insured added by attachment of an endorsement to this Coverage Part will be deemed to have known that "bodily injury" or "property damage" has occurred or has begun to occur at the earliest time when that additional insured, or any one of its owners, members, partners, managers, executive officers, "employees" assigned to manage that additional insured's insurance program, or "employees" assigned to give or receive notice of an "occurrence", "personal and advertising injury" offense, claim or "suit":

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage";

**(3)** First observes, or reasonably should have first observed, the "bodily injury" or "property damage";

**(4)** Becomes aware, or reasonably should have become aware, by any means other than as described in **(3)** above, that "bodily injury" or "property damage" had occurred or had begun to occur; or

**(5)** Becomes aware, or reasonably should have become aware, of a condition from which "bodily injury" or "property damage" was substantially certain to occur.

Exclusions **c.** through **q.** do not apply to "property damage" by fire or explosion to premises while rented to you or temporarily occupied by you with permission of the owner, for which the amount we will pay is limited as described in SECTION III - LIMITS OF INSURANCE.

**COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.   Insuring Agreement**

**a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

**(1)** The amount we will pay for damages is limited as described in **SECTION III - LIMITS OF INSURANCE**; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under **SECTION I - COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY; SECTION I - COVERAGES, COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY;** or medical expenses under **SECTION I - COVERAGES, COVERAGE C. MEDICAL PAYMENTS**.

No other obligation or liability to pay sums or perform acts or services is covered unless expressly provided for under **SUPPLEMENTARY PAYMENTS - COVERAGES A AND B**.

**b.** This insurance applies to "personal and advertising injury" only if:

**(1)** The "personal and advertising injury" is caused by an offense arising out of your business; and

**(2)** The "personal and advertising injury" offense was committed in the "coverage territory" during the policy period; and

**(3)** Prior to the "coverage term" in which the "personal and advertising injury" offense is committed, you did not know, per Paragraph **1.d.** below, that the offense had been committed or had begun to be committed, in whole or in part.

**c.** "Personal and advertising injury" caused by an offense which:

**(1)** Was committed during the "coverage term"; and

**(2)** Was not, prior to the "coverage term", known by you, per Paragraph **1.d.** below, to have been committed;

includes any continuation, change or resumption of that offense after the end of the "coverage term" in which it first became known by you.

**d.** You will be deemed to know that a "personal and advertising injury" offense has been committed at the earliest time when any "authorized representative":

**(1)** Reports all, or any part, of the "personal and advertising injury" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "personal and advertising injury";

**(3)** First observes, or reasonably should have first observed, the offense that caused the "personal and advertising injury";

**(4)** Becomes aware, or reasonably should have become aware, by any means, other than as described in **(3)** above, that the offense had been committed or had begun to be committed; or

**(5)** Becomes aware, or reasonably should have become aware, of a condition from which "personal and advertising injury" was substantially certain to occur.

**2. Exclusions**

This insurance does not apply to:

**a. Knowing Violation of Rights of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

**b. Material Published With Knowledge of Falsity**

"Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

**c. Material Published Prior to Coverage Term**

"Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the "coverage term" in which insurance coverage is sought.

**d. Criminal Acts**

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

**e. Contractual Liability**

"Personal and advertising injury" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of the contract or agreement; or

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "personal and advertising injury" is caused by or arises out of an offense committed subsequent to the execution of the contract or agreement. When a claim for such "personal and advertising injury" is made, we will defend that claim, provided the insured has assumed the obligation to defend such claim in the "insured contract". Such defense payments will not reduce the limits of insurance.

**f.    Breach of Contract**

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

**g.    Quality or Performance of Goods - Failure to Conform to Statements**

"Personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement".

**h.    Wrong Description of Prices**

"Personal and advertising injury" arising out of the wrong description of the price of goods, products or services stated in your "advertisement".

**i.    Infringement of Copyright, Patent, Trademark or Trade Secret**

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.

However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

**j.    Insureds in Media and Internet Type Businesses**

"Personal and advertising injury" committed by an insured whose business is:

**(1)** Advertising, broadcasting, publishing or telecasting;

**(2)** Designing or determining content of web-sites for others; or

**(3)** An Internet search, access, content or service provider.

However, this exclusion does not apply to Paragraphs **17. a., b.** and **c.** of "personal and advertising injury" under **SECTION V - DEFINITIONS**.

For the purposes of this exclusion, the placing of frames, borders or links, or advertising, for you or others anywhere on the Internet is not, by itself, considered the business of advertising, broadcasting, publishing or telecasting.

**k.    Electronic    Chatrooms    or    Bulletin Boards**

"Personal and advertising injury" arising out of an electronic chatroom or bulletin board any insured hosts, owns, or over which any insured exercises control.

**l.    Unauthorized Use of Another's Name or Product**

"Personal and advertising injury" arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

**m.    Employment Related Practices**

"Personal and advertising injury" to:

**(1)** A person arising out of any:

**(a)** Refusal to employ that person;

**(b)** Termination of that person's employment; or

**(c)** Other employment-related practices, policies, acts or omissions including but not limited to coercion, criticism, demotion, evaluation, failure to promote, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

**(2)** The spouse, child, parent, brother or sister of that person as a consequence of "personal and advertising injury" to that person at whom any of the employment-related practices described in Paragraphs **(a), (b)** or **(c)** above is directed.

This exclusion applies:

**(1)** Whether the insured may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

**n.    Pollutant**

"Personal and advertising injury" arising out of the actual, alleged or threatened

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

GA 101 10 01                                                                                              Page 8 of 22

discharge, dispersal, seepage, migration, release, escape or emission of "pollutants" at any time.

o.   **Pollutant-Related**

Any loss, cost or expense arising out of any:

(1)   Request, demand, or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

(2)   Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

p.   **Asbestos**

"Personal and advertising injury" arising out of, attributable to, or any way related to asbestos in any form or transmitted in any manner.

q.   **Additional Insured Prior Knowledge**

An additional insured added by attachment of an endorsement to this Coverage Part that is seeking coverage for a claim or "suit", if that additional insured knew, per the following paragraph, that a "personal and advertising injury" offense had been committed or had begun to be committed, in whole or in part, prior to the "coverage term" in which such offense was committed or began to be committed.

An additional insured added by attachment of an endorsement to this Coverage Part will be deemed to have known that a "personal and advertising injury" offense has been committed or has begun to be committed at the earliest time when that additional insured, or any one of its owners, members, partners, managers, executive officers, "employees" assigned to manage that additional insured's insurance program, or "employees" assigned to give or receive notice of an "occurrence", "personal and advertising injury" offense, claim or "suit":

(1)   Reports all, or any part, of the "personal and advertising injury" to us or any other insurer;

(2)   Receives a written or verbal demand or claim for damages because of the "personal and advertising injury";

(3)   First observes, or reasonably should have first observed, the offense that caused the "personal and advertising injury";

(4)   Becomes aware, or reasonably should have become aware, by any means other than as described in (3) above, that the "personal and advertising injury" offense had been committed or had begun to be committed; or

(5)   Becomes aware, or reasonably should have become aware, of a condition from which "personal and advertising injury" was substantially certain to occur.

**COVERAGE C. MEDICAL PAYMENTS**

1.   **Insuring Agreement**

a.   We will pay medical expenses as described below for "bodily injury" caused by an accident:

(1)   On premises you own or rent;

(2)   On ways next to premises you own or rent; or

(3)   Because of your operations;

provided that:

(1)   The accident takes place in the "coverage territory" and during the policy period;

(2)   The expenses are incurred and reported to us within three years of the date of the accident; and

(3)   The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

b.   We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:

(1)   First aid administered at the time of an accident;

(2)   Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

(3)   Necessary ambulance, hospital, professional nursing and funeral services.

2.   **Exclusions**

We will not pay expenses for "bodily injury":

a.   **Any Insured**

To any insured, except "volunteer workers".

b. **Hired Person**

To a person hired to do work for or on behalf of any insured or a tenant of any insured.

c. **Injury on Normally Occupied Premises**

To a person injured on that part of premises you own or rent that the person normally occupies.

d. **Workers' Compensation and Similar Laws**

To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

e. **Athletic Activities**

To any person while officiating, coaching, practicing for or participating in any contest or exhibition of an athletic or sports nature sponsored by an insured.

f. **Products-Completed Operations Hazard**

Included within the "products-completed operations hazard".

g. **Coverage A Exclusions**

Excluded under **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**.

h. **War**

Due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution.

**SUPPLEMENTARY PAYMENTS - COVERAGES A AND B**

We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

1. All expenses we incur.

2. Up to $250 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the Bodily Injury Liability Coverage applies. We do not have to furnish these bonds.

3. The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

4. All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $250 a day because of time off from work.

5. All costs taxed against the insured in the "suit".

6. Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.

7. All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

These payments will not reduce the limits of insurance.

**SECTION II - WHO IS AN INSURED**

1. If you are designated in the Declarations as:

   a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

   b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

   c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

   d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

   e. A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

2. Each of the following is also an insured:

   a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a lim-

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

ited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

(1) "Bodily injury" or "personal and advertising injury":

    (a) To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

    (b) To the spouse, child, parent, brother or sister of that co-"employee" or "volunteer worker" as a consequence of Paragraph **(1)(a)** above;

    (c) For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraphs **(1)(a)** or **(b)** above; or

    (d) Arising out of his or her providing or failing to provide professional health care services.

(2) "Property damage" to property:

    (a) Owned, occupied or used by; or

    (b) Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by,

you, any of your "employees", "volunteer workers", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

**b.** Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

**c.** Any person or organization having proper temporary custody of your property if you die, but only:

(1) With respect to liability arising out of the maintenance or use of that property; and

(2) Until your legal representative has been appointed.

**d.** Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

**3.** With respect to "mobile equipment" registered in your name under any motor vehicle registration law, any person is an insured while driving such equipment along a public highway with your permission. Any other person or organization responsible for the conduct of such person is also an insured, but only with respect to liability arising out of the operation of the equipment, and only if no other insurance of any kind is available to that person or organization for this liability. However, no person or organization is an insured with respect to:

**a.** "Bodily injury" to a co-"employee" of the person driving the equipment; or

**b.** "Property damage" to property owned by, rented to, in the charge of or occupied by you or the employer of any person who is an insured under this provision.

**4.** Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

**a.** Insurance under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

**b.** **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY** does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

**c.** **COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY** does not apply to "personal and advertising injury" arising out of an offense committed before you acquired or formed the organization.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

**SECTION III - LIMITS OF INSURANCE**

**1.** The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

    **a.** Insureds;

b.  Claims made or "suits" brought; or

c.  Persons or organizations making claims or bringing "suits".

2.  a.  The General Aggregate Limit is the most we will pay for the sum of:

    (1)  Medical expenses under **COVERAGE C. MEDICAL PAYMENTS;**

    (2)  Damages under **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY,** except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

    (3)  Damages under **COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY.**

This General Aggregate Limit will not apply if either the Location General Aggregate Limit of Insurance, Paragraph **2.b.,** or the Construction Project General Aggregate Limit of Insurance, Paragraph **2.c.** applies.

b.  A separate Location General Aggregate Limit of Insurance, equal to the amount of the General Aggregate Limit shown in the Declarations, shall apply to each location owned by, or rented or leased to you and is the most we will pay for the sum of:

    (1)  Damages under **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY,** except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

    (2)  Medical expenses under **COVERAGE C. MEDICAL PAYMENTS,**

which can be attributed to operations at only a single location owned by, or rented or leased to you.

c.  A separate Construction Project General Aggregate Limit of Insurance, equal to the amount of the General Aggregate Limit shown in the Declarations, shall apply to each construction project and is the most we will pay for the sum of:

    (1)  Damages under **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY,** except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

    (2)  Medical expenses under **COVERAGE C. MEDICAL PAYMENTS;**

which can be attributed only to ongoing operations and only at a single construction project.

d.  Only for the purpose of determining which General Aggregate Limit of Insurance, **2.a., 2.b.,** or **2.c.,** applies:

    (1)  Location means premises involving the same or connecting lots, or premises, whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

    (2)  Construction project means a location you do not own, rent or lease where ongoing improvements, alterations, installation, demolition or maintenance work is performed by you or on your behalf. All connected ongoing improvements, alterations, installation, demolition or maintenance work performed by you or on your behalf at the same location for the same persons or organizations, no matter how often or under how many different contracts, will be deemed to be a single construction project.

3.  The Products-Completed Operations Aggregate Limit is the most we will pay under **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY** for damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard".

4.  Subject to **2.a.** above, the Personal and Advertising Injury Limit is the most we will pay under **COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY** for the sum of all damages because of all "personal and advertising injury" sustained by any one person or organization.

5.  Subject to **2. or 3.** above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

a.  Damages under **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY;** and

b.  Medical expenses under **COVERAGE C. MEDICAL PAYMENTS;**

because of all "bodily injury" and "property damage" arising out of any one "occurrence".

6.  Subject to **5.** above, the Damage to Premises Rented to You Limit is the most we will pay under **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY** for damages because of "property damage" to any one premises, while rented to you, or in the

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

case of damage by fire or explosion, while rented to you or temporarily occupied by you with permission of the owner.

7. Subject to **5.** above, the Medical Expense Limit is the most we will pay under **COVERAGE C. MEDICAL PAYMENTS** for all medical expenses because of "bodily injury" sustained by any one person.

The Limits of Insurance of this Coverage Part apply separately to each "coverage term".

## SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS

**1. Bankruptcy**

Bankruptcy or insolvency of the insured or of the insured's estate will not relieve us of our obligations under this Coverage Part.

**2. Duties in the Event of Occurrence, Offense, Claim or Suit**

a. You must see to it that we are notified as soon as practicable of an "occurrence" or a "personal and advertising injury" offense which may result in a claim. To the extent possible, notice should include:

(1) How, when and where the "occurrence" or offense took place;

(2) The names and addresses of any injured persons and witnesses; and

(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b. If a claim is made or "suit" is brought against any insured, you must:

(1) Immediately record the specifics of the claim or "suit" and the date received; and

(2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c. You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**3. Legal Action Against Us**

No person or organization has a right under this Coverage Part:

a. To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

b. To sue us on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

**4. Liberalization**

If, within 45 days prior to the beginning of this Coverage Part or during the policy period, we make any changes to any forms or endorsements of this Coverage Part for which there is currently no separate premium charge, and that change provides more coverage than this Coverage Part, the change will be considered as included until the end of the current policy period. We will make no additional premium charge for this additional coverage during the interim.

**5. Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY** or **COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY** of this Coverage Part, our obligations are limited as follows:

a. **Primary Insurance**

This insurance is primary except when **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in **c.** below.

**b. Excess Insurance**

This insurance is excess over:

**(1)** Any of the other insurance, whether primary, excess, contingent or on any other basis:

    **(a)** That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar insurance for "your work";

    **(b)** That is Fire or Explosion insurance for premises rented to you or temporarily occupied by you with permission of the owner;

    **(c)** That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

    **(d)** If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to **SECTION I - COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, g. Aircraft, Auto or Watercraft**.

**(2)** Any other primary insurance available to the insured covering liability for damages arising out of the premises or operations for which the insured has been added as an additional insured by attachment of an endorsement.

**(3)** Any other insurance:

    **(a)** Whether primary, excess, contingent or on any other basis, except when such insurance is written specifically to be excess over this insurance; and

    **(b)** That is a consolidated (wrap-up) insurance program which has been provided by the prime contractor/project manager or owner of the consolidated project in which you are involved.

When this insurance is excess, we will have no duty under **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY** or **COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

**(1)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

**(2)** The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

**c. Method of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

**6. Premium Audit**

    **a.** We will compute all premiums for this Coverage Part in accordance with our rules and rates.

    **b.** Premium shown in this Coverage Part as advance premium is a deposit premium only. At the close of each audit period we will compute the earned premium for that period and send notice to the first Named Insured. The due date for audit and retrospective premiums is the date shown as the due date on the bill. If the sum of the advance and audit premiums paid for the "coverage term" is greater than the earned premium, we will return the excess to the first Named Insured.

    **c.** The first Named Insured must keep records of the information we need for premium computation, and send us copies at such times as we may request.

**7. Representations**

By accepting this Coverage Part, you agree:

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

a. The statements in the Declarations are accurate and complete;

b. Those statements are based upon representations you made to us; and

c. We have issued this Coverage Part in reliance upon your representations.

**8. Separation of Insureds**

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:

a. As if each Named Insured were the only Named Insured; and

b. Separately to each insured against whom claim is made or "suit" is brought.

**9. Transfer of Rights of Recovery Against Others to Us**

If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

**10. Two or More Coverage Forms or Policies Issued by Us**

If this Coverage Part and any other Coverage Form, Coverage Part or policy issued to you by us or any company affiliated with us apply to the same "occurrence" or "personal and advertising injury" offense, the aggregate maximum limit of insurance under all the Coverage Forms, Coverage Parts or policies shall not exceed the highest applicable limit of insurance under any one Coverage Form, Coverage Part or policy. This condition does not apply to any Coverage Form, Coverage Part or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Part.

**11. When We Do Not Renew**

If we decide not to renew this Coverage Part, we will mail or deliver to the first Named Insured shown in the Declarations written notice of the nonrenewal not less than 30 days before the expiration date.

If notice is mailed, proof of mailing will be sufficient proof of notice.

**SECTION V - DEFINITIONS**

1. "Advertisement" means a notice that is broadcast, telecast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. "Adver-

tisement" includes a publicity article. For purposes of this definition:

a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and

b. Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an "advertisement".

2. "Authorized representative" means:

a. If you are designated in the Declarations as:

(1) An individual, you and your spouse are "authorized representatives".

(2) A partnership or joint venture, your members, your partners, and their spouses are "authorized representatives".

(3) A limited liability company, your members and your managers are "authorized representatives".

(4) An organization other than a partnership, joint venture or limited liability company, your "executive officers" and directors are "authorized representatives". Provided you are not a publicly traded organization, your stockholders are also "authorized representatives".

(5) A trust, your trustees are "authorized representatives".

b. Your "employees":

(1) Assigned to manage your insurance program; or

(2) Responsible for giving or receiving notice of an "occurrence", "personal and advertising injury" offense, claim or "suit";

are also "authorized representatives".

3. "Auto" means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. But "auto" does not include "mobile equipment".

4. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

5. "Coverage term" means the following individual increment, or if a multi-year policy period, increments, of time, which comprise the policy period of this Coverage Part:

a. The year commencing on the Effective Date of this Coverage Part at 12:01 AM standard time at your mailing address shown in the Declarations, and if a multi-year policy period, each consecutive annual period thereafter, or portion thereof if any period is for a period of less than 12 months, constitute individual "coverage terms". The last "coverage term" ends at 12:00 AM standard time at your mailing address shown in the Declarations on the earlier of:

(1) The day the policy period shown in the Declarations ends; or

(2) The day the policy to which this Coverage Part is attached is terminated or cancelled.

b. However, if after the issuance of this Coverage Part, any "coverage term" is extended for an additional period of less than 12 months, that additional period of time will be deemed to be part of the last preceding "coverage term".

6. "Coverage territory" means:

a. The United States of America (including its territories and possessions), Puerto Rico and Canada;

b. International waters or airspace, but only if the injury or damage occurs in the course of travel or transportation between any places included in a. above; or

c. All other parts of the world if the injury or damage arises out of:

(1) Goods or products made or sold by you in the territory described in a. above;

(2) The activities of a person whose home is in the territory described in a. above, but is away for a short time on your business; or

(3) "Personal and advertising injury" offenses that take place through the Internet or similar electronic means of communication,

provided the insured's responsibility to pay damages is determined in a "suit" on the merits, in the territory described in a. above or in a settlement to which we agree.

7. "Electronic data" means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

8. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

9. "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

10. "Hostile fire" means one which becomes uncontrollable or breaks out from where it was intended to be.

11. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

b. You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

a. The repair, replacement, adjustment or removal of "your product" or "your work"; or

b. Your fulfilling the terms of the contract or agreement.

12. "Insured contract" means:

a. A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for "property damage" by fire or explosion to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

b. A sidetrack agreement;

c. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

d. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

e. An elevator maintenance agreement;

f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury", "property damage" or "personal and advertising injury" to a third person or organization. Tort liability

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

GA 101 10 01                                                                 Page 16 of 22

means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph **f.** does not include that part of any contract or agreement:

**(1)** That indemnifies a railroad for "bodily injury", "property damage" or "personal and advertising injury" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

**(2)** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

    **(a)** Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

    **(b)** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage;

**(3)** Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in Paragraph **(2)** above and supervisory, inspection, architectural or engineering activities;

**(4)** That indemnifies an advertising, public relations or media consulting firm for "personal and advertising injury" arising out of the planning, execution or failure to execute marketing communications programs. Marketing communications programs include but are not limited to comprehensive marketing campaigns; consumer, trade and corporate advertising for all media; media planning, buying, monitoring and analysis; direct mail; promotion; sales materials; design; presentations; point-of-sale materials; market research; public relations and new product development;

**(5)** Under which the insured, if an advertising, public relations or media consulting firm, assumes liability for "personal and advertising injury" arising out of the insured's rendering or failure to render professional services, including those services listed in Paragraph **(4)**, above;

**(6)** That indemnifies a web-site designer or content provider, or Internet search, access, content or service provider for injury or damage arising out of the planning, execution or failure to execute Internet services. Internet Services include but are not limited to design, production, distribution, maintenance and administration of web-sites and web-banners; hosting web-sites; registering domain names; registering with search engines; marketing analysis; and providing access to the Internet or other similar networks; or

**(7)** Under which the insured, if a web-site designer or content provider, or Internet search, access, content or service provider, assumes liability for injury or damage arising out of the insured's rendering or failure to render Internet services, including those listed in Paragraph **(6)**, above.

**13.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" includes supervisors furnished to you by the labor leasing firm. "Leased worker" does not include a "temporary worker".

**14.** "Loading or unloading" means the handling of property:

    **a.** After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto";

    **b.** While it is in or on an aircraft, watercraft or "auto"; or

    **c.** While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;

but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto".

**15.** "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

    **a.** Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

    **b.** Vehicles maintained for use solely on or next to premises you own or rent;

    **c.** Vehicles that travel on crawler treads;

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

d. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

    **(1)** Power cranes, shovels, loaders, diggers or drills; or

    **(2)** Road construction or resurfacing equipment such as graders, scrapers or rollers;

e. Vehicles not described in **a.**, **b.**, **c.** or **d.** above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

    **(1)** Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

    **(2)** Cherry pickers and similar devices used to raise or lower workers;

f. Vehicles not described in **a.**, **b.**, **c.** or **d.** above maintained primarily for purposes other than the transportation of persons or cargo.

However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

    **(1)** Equipment designed primarily for:

        **(a)** Snow removal;

        **(b)** Road maintenance, but not construction or resurfacing; or

        **(c)** Street cleaning;

    **(2)** Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

    **(3)** Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

**16.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**17.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

f. The use of another's advertising idea in your "advertisement"; or

g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

**18.** "Pollutant" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals, petroleum products and petroleum by-products, and waste. Waste includes materials to be recycled, reconditioned or reclaimed. "Pollutants" include but are not limited to substances which are generally recognized in industry or government to be harmful or toxic to persons, property or the environment regardless of whether the injury or damage is caused directly or indirectly by the "pollutants" and whether:

a. The insured is regularly or otherwise engaged in activities which taint or degrade the environment; or

b. The insured uses, generates or produces the "pollutant".

**19.** "Products-completed operations hazard":

a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

    **(1)** Products that are still in your physical possession; or

    **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

        **(a)** When all of the work called for in your contract has been completed; or

        **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site; or

        **(c)** When that part of the work done at a job site has been put to its

intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**b.** Does not include "bodily injury" or "property damage" arising out of:

    **(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

    **(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or

    **(3)** Products or operations for which the classification, listed in the Declarations or in a schedule, states that products-completed operations are included.

**20.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, "electronic data" is not tangible property.

**21.** "Suit" means a civil proceeding in which money damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

**a.** An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent;

**b.** Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent; or

**c.** An appeal of a civil proceeding.

**22.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**23.** "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

**24.** "Workplace" means that place and during such hours to which the "employee" sustaining "bodily injury" was assigned by you, or any other person or entity acting on your behalf, to work on the date of "occurrence".

**25.** "Your product":

**a.** Means:

    **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

        **(a)** You;

        **(b)** Others trading under your name; or

        **(c)** A person or organization whose business or assets you have acquired; and

    **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**b.** Includes:

    **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

    **(2)** The providing of or failure to provide warnings or instructions.

**c.** Does not include vending machines or other property rented to or located for the use of others but not sold.

**26.** "Your work":

**a.** Means:

    **(1)** Work or operations performed by you or on your behalf; and

    **(2)** Materials, parts or equipment furnished in connection with such work or operations.

**b.** Includes:

    **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

**(2)** The providing of or failure to provide                    warnings or instructions.

Includes copyrighted material of Insurance
Services Office, Inc., with its permission.

# NUCLEAR ENERGY LIABILITY EXCLUSION
## (Broad Form)

1. The insurance does not apply:

   A. Under any Liability Coverage, to "bodily injury" or "property damage":

      (1) With respect to which an insured under this Coverage Part is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada, or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

      (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which **(a)** any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or **(b)** the insured is, or had this Coverage Part not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

   B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

   C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from the "hazardous properties" of "nuclear material", if:

      (1) The "nuclear material" **(a)** is at any "nuclear facility" owned by, or operated by or on behalf of, an insured, or **(b)** has been discharged or dispersed therefrom;

      (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an insured; or

      (3) The "bodily injury" or "property damage" arises out of the furnishing by an insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this Exclusion **(3)** applies only to "property damage" to such "nuclear facility" and any property thereat.

2. As used in this exclusion:

   "Hazardous properties" includes radioactive, toxic or explosive properties.

   "Nuclear material" means "source material", "special nuclear material" or "by-product material".

   "Source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

   "Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor".

   "Waste" means any waste material **(a)** containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and **(b)** resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility".

   "Nuclear facility" means:

   A. Any "nuclear reactor";

   B. Any equipment or device designed or used for **(1)** separating the isotopes of uranium or plutonium, **(2)** processing or utilizing "spent fuel", or **(3)** handling, processing or packaging "waste";

   C. Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

D.  Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

"Property damage" includes all forms of radioactive contamination of property.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# CONTRACTORS' COMMERCIAL GENERAL LIABILITY BROADENED ENDORSEMENT

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**A. Endorsement - Table of Contents:**

**Coverage:**                                                                    **Begins on Page:**

1.   Employee Benefit Liability Coverage ...................................................................... 2
2.   Unintentional Failure to Disclose Hazards ............................................................ 8
3.   Damage to Premises Rented to You ....................................................................... 8
4.   Supplementary Payments ........................................................................................ 9
5.   Medical Payments ..................................................................................................... 9
6.   Voluntary Property Damage (Coverage **a.**) and Care, Custody or Control
     Liability Coverage (Coverage **b.**) .......................................................................... 9
7.   180 Day Coverage for Newly Formed or Acquired Organizations .................... 10
8.   Waiver of Subrogation ............................................................................................ 10
9.   Automatic Additional Insured - Specified Relationships: .................................. 10
     ✕   Managers or Lessors of Premises;
     ✕   Lessor of Leased Equipment;
     ✕   Vendors;
     ✕   State or Political Subdivisions - Permits Relating to Premises;
     ✕   State or Political Subdivisions - Permits; and
     ✕   Contractors' Operations
10.  Broadened Contractual Liability - Work Within 50' of Railroad Property .......... 14
11.  Property Damage to Borrowed Equipment ........................................................... 14
12.  Employees as Insureds - Specified Health Care Services: .............................. 15
     ✕   Nurses;
     ✕   Emergency Medical Technicians; and
     ✕   Paramedics
13.  Broadened Notice of Occurrence .......................................................................... 15

**B. Limits of Insurance:**

The Commercial General Liability Limits of Insurance apply to the insurance provided by this endorsement, except as provided below:

**1. Employee Benefit Liability Coverage**

| | |
|---|---|
| Each Employee Limit: | $  1,000,000 |
| Aggregate Limit: | $  3,000,000 |
| Deductible: | $       1,000 |

**3. Damage to Premises Rented to You**

The lesser of:

**a.** The Each Occurrence Limit shown in the Declarations; or

**b.** $500,000

**4. Supplementary Payments**

**a.** Bail bonds:          $       1,000

**b.** Loss of earnings:    $          350

**5. Medical Payments**

Medical Expense Limit:  $      10,000

6. **Voluntary Property Damage** (Coverage **a.**) and **Care, Custody or Control Liability Coverage** (Coverage **b.**)

Limits of Insurance (Each Occurrence)
Coverage **a.** $1,000
Coverage **b.** $5,000 unless otherwise stated        $ ##########

Deductibles (Each Occurrence)
Coverage **a.** $250
Coverage **b.** $250 unless otherwise stated        $ IIIIII

| COVERAGE | PREMIUM BASIS | RATE | ADVANCE PREMIUM |
|---|---|---|---|
| | (a) Area<br>(b) Payroll<br>(c) Gross Sales<br>(d) Units<br>(e) Other | (For Limits in Excess of $5,000) | (For Limits in Excess of $5,000) |
| **b.** Care, Custody or Control | ??????????????? | @@@@ | $ ########## |
| | | **TOTAL ANNUAL PREMIUM** | $ IIIIIII |

11. **Property Damage to Borrowed Equipment**

Each Occurrence Limit:    $  10,000
Deductible:              $     250

---

C. **Coverages:**

1. **Employee Benefit Liability Coverage**

   a. The following is added to **SECTION I - COVERAGES: Employee Benefit Liability Coverage.**

      (1) **Insuring Agreement**

         (a) We will pay those sums that the insured becomes legally obligated to pay as damages caused by any act, error or omission of the insured, or of any other person for whose acts the insured is legally liable, to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend against any "suit" seeking damages to which this insurance does not apply. We may, at our discretion, investigate any report of an act, error or omission and settle any claim or "suit" that may result. But:

            1) The amount we will pay for damages is limited as described in **SECTION III - LIMITS OF INSURANCE**; and

         2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements.

         No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments.

         (b) This insurance applies to damages only if the act, error or omission, is negligently committed in the "administration" of your "employee benefit program"; and

            1) Occurs during the policy period; or

            2) Occurred prior to the effective date of this endorsement provided:

               a) You did not have knowledge of a claim or "suit" on or before the effective date of this endorsement.

                  You will be deemed to have

knowledge of a claim or "suit" when any "authorized representative";

  i) Reports all, or any part, of the act, error or omission to us or any other insurer;

  ii) Receives a written or verbal demand or claim for damages because of the act, error or omission; and

  b) There is no other applicable insurance.

**(2) Exclusions**

This insurance does not apply to:

**(a) Bodily Injury, Property Damage or Personal and Advertising Injury**

"Bodily injury", "property damage" or "personal and advertising injury".

**(b) Dishonest, Fraudulent, Criminal or Malicious Act**

Damages arising out of any intentional, dishonest, fraudulent, criminal or malicious act, error or omission, committed by any insured, including the willful or reckless violation of any statute.

**(c) Failure to Perform a Contract**

Damages arising out of failure of performance of contract by any insurer.

**(d) Insufficiency of Funds**

Damages arising out of an insufficiency of funds to meet any obligations under any plan included in the "employee benefit program".

**(e) Inadequacy of Performance of Investment / Advice Given With Respect to Participation**

Any claim based upon:

  1) Failure of any investment to perform;

  2) Errors in providing information on past performance of investment vehicles; or

  3) Advice given to any person with respect to that person's decision to participate or not to participate in any plan included in the "employee benefit program".

**(f) Workers' Compensation and Similar Laws**

Any claim arising out of your failure to comply with the mandatory provisions of any workers' compensation, unemployment compensation insurance, social security or disability benefits law or any similar law.

**(g) ERISA**

Damages for which any insured is liable because of liability imposed on a fiduciary by the Employee Retirement Income Security Act of 1974, as now or hereafter amended, or by any similar federal, state or local laws.

**(h) Available Benefits**

Any claim for benefits to the extent that such benefits are available, with reasonable effort and cooperation of the insured, from the applicable funds accrued or other collectible insurance.

**(i) Taxes, Fines or Penalties**

Taxes, fines or penalties, including those imposed under the Internal Revenue Code or any similar state or local law.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

**(j) Employment-Related Practices**

Any liability arising out of any:

**(1)** Refusal to employ;

**(2)** Termination of employment;

**(3)** Coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or other employment-related practices, acts or omissions; or

**(4)** Consequential liability as a result of **(1)**, **(2)** or **(3)** above.

This exclusion applies whether the insured may be held liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

**(3) Supplementary Payments**

**SECTION I - COVERAGES, SUPPLEMENTARY PAYMENTS - COVERAGES A AND B** also apply to this Coverage.

**b. Who is an Insured**

As respects Employee Benefit Liability Coverage, **SECTION II - WHO IS AN INSURED** is deleted in its entirety and replaced by the following:

**(1)** If you are designated in the Declarations as:

**(a)** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

**(b)** A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds but only with respect to the conduct of your business.

**(c)** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

**(d)** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

**(e)** A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

**(2)** Each of the following is also an insured:

**(a)** Each of your "employees" who is or was authorized to administer your "employee benefit program".

**(b)** Any persons, organizations or "employees" having proper temporary authorization to administer your "employee benefit program" if you die, but only until your legal representative is appointed.

**(c)** Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

**(3)** Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if no other similar insurance applies to that organization. However, coverage under this provision:

**(a)** Is afforded only until the 180th day after you acquire or form the organization or the end of the policy period, whichever is earlier; and

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

(b) Does not apply to any act, error or omission that was committed before you acquired or formed the organization.

c. **Limits of Insurance**

As respects Employee Benefit Liability Coverage, **SECTION III - LIMITS OF INSURANCE** is deleted in its entirety and replaced by the following:

(1) The Limits of Insurance shown in Section **B. Limits of Insurance, 1. Employee Benefit Liability Coverage** and the rules below fix the most we will pay regardless of the number of:

(a) Insureds;

(b) Claims made or "suits" brought;

(c) Persons or organizations making claims or bringing "suits";

(d) Acts, errors or omissions; or

(e) Benefits included in your "employee benefit program".

(2) The Aggregate Limit shown in Section **B. Limits of Insurance, 1. Employee Benefit Liability Coverage** of this endorsement is the most we will pay for all damages because of acts, errors or omissions negligently committed in the "administration" of your "employee benefit program".

(3) Subject to the limit described in (2) above, the Each Employee Limit shown in Section **B. Limits of Insurance, 1. Employee Benefit Liability Coverage** of this endorsement is the most we will pay for all damages sustained by any one "employee", including damages sustained by such "employee's" dependents and beneficiaries, as a result of:

(a) An act, error or omission; or

(b) A series of related acts, errors or omissions, regardless of the amount of time that lapses between such acts, errors or omissions,

negligently committed in the "administration" of your "employee benefit program".

However, the amount paid under this endorsement shall not exceed, and will be subject to the limits and restrictions that apply to the payment of benefits in any plan included in the "employee benefit program".

(4) **Deductible Amount**

(a) Our obligation to pay damages on behalf of the insured applies only to the amount of damages in excess of the deductible amount stated in the Declarations as applicable to Each Employee. The limits of insurance shall not be reduced by the amount of this deductible.

(b) The deductible amount stated in the Declarations applies to all damages sustained by any one "employee", including such "employee's" dependents and beneficiaries, because of all acts, errors or omissions to which this insurance applies.

(c) The terms of this insurance, including those with respect to:

1) Our right and duty to defend the insured against any "suits" seeking those damages; and

2) Your duties, and the duties of any other involved insured, in the event of an act, error or omission, or claim,

apply irrespective of the application of the deductible amount.

(d) We may pay any part or all of the deductible amount to effect settlement of any claim or "suit" and, upon notification of the action taken, you shall promptly reimburse us for such part of the deductible amount as we have paid.

d. **Additional Conditions**

As respects **Employee Benefit Liability Coverage, SECTION IV -**

**COMMERCIAL GENERAL LIABIL-ITY CONDITIONS** is amended as follows:

(1) Item **2. Duties in the Event of Occurrence, Offense, Claim or Suit** is deleted in its entirety and replaced by the following:

2. **Duties in the Event of an Act, Error or Omission, or Claim or Suit**

   a. You must see to it that we are notified as soon as practicable of an act, error or omission which may result in a claim. To the extent possible, notice should include:

      (1) What the act, error or omission was and when it occurred; and

      (2) The names and addresses of anyone who may suffer damages as a result of the act, error or omission.

   b. If a claim is made or "suit" is brought against any insured, you must:

      (1) Immediately record the specifics of the claim or "suit" and the date received; and

      (2) Notify us as soon as practicable.

      You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

   c. You and any other involved insured must:

      (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

      (2) Authorize us to obtain records and other information;

      (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

      (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of an act, error or omission to which this insurance may also apply.

   d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense without our consent.

(2) Item **5. Other Insurance** is deleted in its entirety and replaced by the following:

5. **Other Insurance**

   If other valid and collectible insurance is available to the insured for a loss we cover under this Coverage Part, our obligations are limited as follows:

   a. **Primary Insurance**

      This insurance is primary except when **c.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in **b.** below.

   b. **Method of Sharing**

      If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

      If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

   c. **No Coverage**

      This insurance shall not cover any loss for which the insured is entitled to recovery under any other insurance in force previous to the effective date of this Coverage Part.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

**e.    Additional Definitions**

As **respects Employee Benefit Liability Coverage, SECTION V - DEFINITIONS** is amended as follows:

(1)   The following definitions are added:

   1.    "Administration" means:

      a.    Providing information to "employees", including their dependents and beneficiaries, with respect to eligibility for or scope of "employee benefit programs";

      b.    Interpreting the "employee benefit programs";

      c.    Handling records in connection with the "employee benefit programs"; or

      d.    Effecting, continuing or terminating any "employee's" participation in any benefit included in the "employee benefit program".

     However,    "administration" does not include:

      a.    Handling payroll deductions; or

      b.    The failure to effect or maintain any insurance or adequate limits of coverage of insurance, including but not limited to unemployment insurance, social security benefits, workers' compensation and disability benefits.

   2.    "Cafeteria plans" means plan authorized by applicable law to allow "employees" to elect to pay for certain benefits with pre-tax dollars.

   3.    "Employee benefit programs" means a program providing some or all of the following benefits to "employees", whether provided through a "cafeteria plan" or otherwise:

      a.    Group life insurance; group accident or health insurance; dental, vision and hearing plans; and flexible spending accounts; provided that no one other than an "employee" may subscribe to such benefits and such benefits are made generally available to those "employees" who satisfy the plan's eligibility requirements;

      b.    Profit sharing plans, employee savings plans, employee stock ownership plans, pension plans and stock subscription plans, provided that no one other than an "employee" may subscribe to such benefits and such benefits are made generally available to all "employees" who are eligible under the plan for such benefits;

      c.    Unemployment insurance, social security benefits, workers' compensation and disability benefits; and

      d.    Vacation plans, including buy and sell programs; leave of absence programs, including military, maternity, family, and civil leave; tuition assistance plans; transportation and health club subsidies.

(2)   The following definitions are deleted in their entirety and replaced by the following:

  21.   "Suit" means a civil proceeding in which money damages because of an act, error or omission to which this insurance applies are alleged. "Suit" includes:

      a.    An arbitration proceeding in which such damages are claimed and to which the insured must submit or does

submit with our con-
sent;

b. Any other alternative
dispute resolution pro-
ceeding in which such
damages are claimed
and to which the in-
sured submits with our
consent; or

c. An appeal of a civil pro-
ceeding.

8. "Employee" means a person
actively employed, formerly
employed, on leave of ab-
sence or disabled, or re-
tired. "Employee" includes
a "leased worker". "Em-
ployee" does not include a
"temporary worker".

2. **Unintentional Failure to Disclose Haz-
ards**

SECTION IV - COMMERCIAL GENERAL
LIABILITY CONDITIONS, 7. **Represen-
tations** is hereby amended by the addi-
tion of the following:

Based on our dependence upon your rep-
resentations as to existing hazards, if un-
intentionally you should fail to disclose all
such hazards at the inception date of your
policy, we will not reject coverage under
this Coverage Part based solely on such
failure.

3. **Damage to Premises Rented to You**

a. The last Subparagraph of Paragraph
2. **SECTION I - COVERAGES,
COVERAGE A. - BODILY INJURY
AND PROPERTY DAMAGE, 2. LI-
ABILITY Exclusions** is hereby de-
leted and replaced by the following:

Exclusions **c.** through **q.** do not apply
to damage by fire, explosion, light-
ning, smoke or soot to premises
while rented to you or temporarily oc-
cupied by you with permission of the
owner.

b. The insurance provided under **SEC-
TION I - COVERAGES, COVERAGE
A. BODILY INJURY AND PROP-
ERTY DAMAGE LIABILITY** applies
to "property damage" arising out of
water damage to premises that are
both rented to and occupied by you.

(1) As respects Water Damage Le-
gal Liability, as provided in Para-
graph 3. **b.** above:

The exclusions under **SECTION
I - COVERAGES, COVERAGE
A. BODILY INJURY AND
PROPERTY DAMAGE LIABIL-
ITY, 2. Exclusions**, other than **i.
War** and the **Nuclear Energy
Liability Exclusion**, are deleted
and the following are added:

This insurance does not apply to:

(a) "Property damage":

1) Assumed in any con-
tract; or

2) Loss caused by or re-
sulting from any of the
following:

a) Wear and tear;

b) Rust, corrosion,
fungus, decay, de-
terioration, hidden
or latent defect or
any quality in
property that
causes it to dam-
age or destroy it-
self;

c) Smog;

d) Mechanical break-
down including
rupture or bursting
caused by cen-
trifugal force;

e) Settling, cracking,
shrinking or ex-
pansion; or

f) Nesting or infesta-
tion, or discharge
or release of waste
products or secre-
tions, by insects,
birds, rodents or
other animals.

(b) Loss caused directly or indi-
rectly by any of the follow-
ing:

1) Earthquake, volcanic
eruption, landslide or
any other earth move-
ment;

2) Water that backs up or
overflows from a sewer,
drain or sump;

3) Water under the ground
surface pressing on, or
flowing or seeping
through:

GA 233 IL 08 02

Includes copyrighted material of Insurance
Services Office, Inc., with its permission.

Page 8 of 15

a) Foundations, walls, floors or paved surfaces;

b) Basements, whether paved or not; or

c) Doors, windows or other openings.

(c) Loss caused by or resulting from water that leaks or flows from plumbing, heating, air conditioning, or fire protection systems caused by or resulting from freezing, unless:

1) You did your best to maintain heat in the building or structure; or

2) You drained the equipment and shut off the water supply if the heat was not maintained.

(d) Loss to or damage to:

1) Plumbing, heating, air conditioning, fire protection systems, or other equipment or appliances; or

2) The interior of any building or structure, or to personal property in the building or structure caused by or resulting from rain, snow, sleet or ice, whether driven by wind or not.

**c. Limit of Insurance**

The Damage to Premises Rented to You Limit as shown in the Declarations is amended as follows:

(2) Paragraph **6.** of **SECTION III - LIMITS OF INSURANCE** is hereby deleted and replaced by the following:

**6.** Subject to **5.** above, the Damage to Premises Rented to You Limit is the most we will pay under **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, for damages because of "property damage" to premises while rented to you or temporarily occupied by you with permission of the owner, arising out of any one "occurrence" to which this insurance applies.

(3) The amount we will pay is limited as described in Section **B. Limits of Insurance, 3. Damage to Premises Rented to You** of this endorsement.

**4. Supplementary Payments**

Under **SECTION I - COVERAGE, SUPPLEMENTARY PAYMENTS - COVERAGES A AND B:**

**a.** Paragraph **2.** is replaced by the following:

Up to the limit shown in Section **B. Limits of Insurance, 4.a.** Bail Bonds of this endorsement for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the Bodily Injury Liability Coverage applies. We do not have to furnish these bonds.

**b.** Paragraph **4.** is replaced by the following:

All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to the limit shown in Section **B. Limits of Insurance, 4.b.** Loss of Earnings of this endorsement per day because of time off from work.

**5. Medical Payments**

The Medical Expense Limit of Any One Person as stated in the Declarations is amended to the limit shown in Section **B. Limits of Insurance, 5. Medical Payments** of this endorsement.

**6. Voluntary Property Damage and Care, Custody or Control Liability Coverage**

**a. Voluntary Property Damage Coverage**

We will pay for "property damage" to property of others arising out of operations incidental to the insured's business when:

(1) Damage is caused by the insured; or

(2) Damage occurs while in the insured's possession.

With your consent, we will make these payments regardless of fault.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

b. **Care, Custody or Control Liability Coverage**

SECTION I - COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, j. Damage to Property, Subparagraphs **(3)**, **(4)** and **(5)** do not apply to "property damage" to the property of others described therein.

With respect to the insurance provided by this section of the endorsement, the following additional provisions apply:

a. The Limits of Insurance shown in the Declarations are replaced by the limits designated in Section **B. Limits of Insurance, 6. Voluntary Property Damage and Care, Custody or Control Liability Coverage** of this endorsement with respect to coverage provided by this endorsement. These limits are inclusive of and not in addition to the limits being replaced.   The Limits of Insurance shown in Section **B. Limits of Insurance, 6. Voluntary Property Damage and Care, Custody or Control Liability Coverage** of this endorsement fix the most we will pay in any one "occurrence" regardless of the number of:

(1) Insureds;

(2) Claims made or "suits" brought; or

(3) Persons or organizations making claims or bringing "suits".

b. **Deductible Clause**

(1) Our obligation to pay damages on your behalf applies only to the amount of damages for each "occurrence" which are in excess of the deductible amount stated in Section **B. Limits of Insurance, 6. Voluntary Property Damage and Care, Custody or Control Liability Coverage** of this endorsement. The limits of insurance will not be reduced by the application of such deductible amount.

(2) Condition **2. Duties in the Event of Occurrence, Offense, Claim or Suit**, applies to each claim or "suit" irrespective of the amount.

(3) We may pay any part or all of the deductible amount to effect settlement of any claim or "suit" and, upon notification of the action taken, you shall promptly reimburse us for such part of the deductible amount as has been paid by us.

7. **180 Day Coverage for Newly Formed or Acquired Organizations**

SECTION II - WHO IS AN INSURED is amended as follows:

Subparagraph **a.** of Paragraph **4.** is hereby deleted and replaced by the following:

a. Insurance under this provision is afforded only until the 180th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

8. **Waiver of Subrogation**

SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS, 9. Transfer of Rights of Recovery Against Others to Us is hereby amended by the addition of the following:

We waive any right of recovery we may have because of payments we make for injury or damage arising out of your ongoing operations or "your work" done under a written contract requiring such waiver with that person or organization and included in the "products-completed operations hazard".   However, our rights may only be waived prior to the "occurrence" giving rise to the injury or damage for which we make payment under this Coverage Part.   The insured must do nothing after a loss to impair our rights.   At our request, the insured will bring "suit" or transfer those rights to us and help us enforce those rights.

9. **Automatic Additional Insured - Specified Relationships**

a. The following is hereby added to SECTION II - WHO IS AN INSURED:

(1) Any person or organization described in Paragraph **9.a.(2)** below (hereinafter referred to as additional insured) whom you are required to add as an additional insured under this Coverage Part by reason of:

(a) A written contract or agreement; or

(b) An oral agreement or contract where a certificate of insurance showing that person or organization as an

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

additional insured has been issued,

is an insured, provided:

**(a)** The written or oral contract or agreement is:

**1)** Currently in effect or becomes effective during the policy period; and

**2)** Executed prior to an "occurrence" or offense to which this insurance would apply; and

**(b)** They are not specifically named as an additional insured under any other provision of, or endorsement added to, this Coverage Part.

**(2)** Only the following persons or organizations are additional insureds under this endorsement, and insurance coverage provided to such additional insureds is limited as provided herein:

**(a)** The manager or lessor of a premises leased to you with whom you have agreed per Paragraph **9.a.(1)** above to provide insurance, but only with respect to liability arising out of the ownership, maintenance or use of that part of a premises leased to you, subject to the following additional exclusions:

This insurance does not apply to:

**1)** Any "occurrence" which takes place after you cease to be a tenant in that premises.

**2)** Structural alterations, new construction or demolition operations performed by or on behalf of such additional insured.

**(b)** Any person or organization from which you lease equipment with whom you have agreed per Paragraph **9.a.(1)** above to provide insurance. Such person(s) or organization(s) are insureds solely with respect to their liability arising out of the

maintenance, operation or use by you of equipment leased to you by such person(s) or organizations(s). However, this insurance does not apply to any "occurrence" which takes place after the equipment lease expires.

**(c)** Any person or organization (referred to below as vendor) with whom you have agreed per Paragraph **9.a.(1)** above to provide insurance, but only with respect to "bodily injury" or "property damage" arising out of "your products" which are distributed or sold in the regular course of the vendor's business, subject to the following additional exclusions:

**1)** The insurance afforded the vendor does not apply to:

**a)** "Bodily injury" or "property damage" for which the vendor is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages that the vendor would have in the absence of the contract or agreement;

**b)** Any express warranty unauthorized by you;

**c)** Any physical or chemical change in the product made intentionally by the vendor;

**d)** Repackaging, unless unpacked solely for the purpose of inspection, demonstration, testing, or the substitution of parts under instructions from the manufacturer, and then re-

packaged in the original container;

e) Any failure to make such inspections, adjustments, tests or servicing as the vendor has agreed to make or normally undertakes to make in the usual course of business, in connection with the distribution or sale of the products;

f) Demonstration, installation, servicing or repair operations, except such operations performed at the vendor's premises in connection with the sale of the product;

g) Products which, after distribution or sale by you, have been labeled or relabeled or used as a container, part or ingredient of any other thing or substance by or for the vendor.

2) This insurance does not apply to any insured person or organization:

a) From whom you have acquired such products, or any ingredient, part or container, entering into, accompanying or containing such products; or

b) When liability included within the "products-completed operations hazard" has been excluded under this Coverage Part with respect to such products.

(d) Any state or political subdivision with which you have agreed per Paragraph 9.

a.(1) above to provide insurance, subject to the following additional provision:

This insurance applies only with respect to the following hazards for which the state or political subdivision has issued a permit in connection with premises you own, rent or control and to which this insurance applies:

1) The existence, maintenance, repair, construction, erection, or removal of advertising signs, awnings, canopies, cellar entrances, coal holes, driveways, manholes, marquees, hoist away openings, sidewalk vaults, street banners, or decorations and similar exposures; or

2) The construction, erection, or removal of elevators; or

3) The ownership, maintenance, or use of any elevators covered by this insurance.

(e) Any state or political subdivision with which you have agreed per Paragraph 9.a.(1) above to provide insurance, subject to the following provisions:

1) This insurance applies only with respect to operations performed by you or on your behalf for which the state or political subdivision has issued a permit.

2) This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of operations performed for the state or political subdivision.

(f) Any person or organization with which you have agreed per Paragraph 9.a.(1) above to provide insurance, but only with respect to liability arising out of "your work" performed for that additional

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

insured by you or on your behalf. However, the City of Chicago, its officers, employees and agents are not insureds with respect to liability caused by or arising from:

1) The building or disassembly of scaffolding by or for you; or

2) The use of such scaffolding.

A person or organization's status as an insured under this provision of this endorsement continues for only the period of time required by the written contract or agreement, but in no event beyond the expiration date of this Coverage Part. If there is no written contract or agreement, or if no period of time is required by the written contract or agreement, a person or organization's status as an insured under this endorsement ends when your operations for that insured are completed.

(3) Any insurance provided to an additional insured designated under Paragraph **9.a.(2)**:

(a) Subparagraphs **(e)** and **(f)** does not apply to "bodily injury" or "property damage" included within the "products-completed operations hazard";

(b) Subparagraphs **(a)**, **(b)**, **(d)**, **(e)** and **(f)** does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the sole negligence or willful misconduct of the additional insured or their agents, "employees" or any other representative of the additional insured; or

(c) Subparagraph **(f)** does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

1) Defects in design furnished by or on behalf of the additional insured; or

2) The rendering of, or failure to render, any professional architectural, engineering or surveying services, including:

a) The preparing, approving or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; and

b) Supervisory, inspection, architectural or engineering activities.

3) "Your work" for which a consolidated (wrap-up) insurance program has been provided by the primecontractor-project manager or owner of the construction project in which you are involved.

b. Only with regard to insurance provided to an additional insured designated under Paragraph **9.a.(2)** Subparagraph **(f)** above, **SECTION III - LIMITS OF INSURANCE** is amended to include:

The limits applicable to the additional insured are those specified in the written contract or agreement or in the Declarations of this Coverage Part, whichever are less. If no limits are specified in the written contract or agreement, or if there is no written contract or agreement, the limits applicable to the additional insured are those specified in the Declarations of this Coverage Part. The limits of insurance are inclusive of and not in addition to the limits of insurance shown in the Declarations.

c. **SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS** is hereby amended as follows:

(1) Condition **5. Other Insurance** is amended to include:

(a) Where required by a written contract or agreement, this insurance is primary and / or noncontributory as respects any other insurance policy

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

issued to the additional insured, and such other insurance policy shall be excess and / or noncontributing, whichever applies, with this insurance.

**(b)** Any insurance provided by this endorsement shall be primary to other insurance available to the additional insured except:

    **1)** As otherwise provided in **SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS, 5. Other Insurance, b. Excess Insurance**; or

    **2)** For any other valid and collectible insurance available to the additional insured as an additional insured by attachment of an endorsement to another insurance policy that is written on an excess basis. In such case, the coverage provided under this endorsement shall also be excess.

**(2)** Condition **11. Conformance to Specific Written Contract or Agreement** is hereby added:

**11. Conformance to Specific Written Contract or Agreement**

With respect to additional insureds described in Paragraph **9.a.(2)(f)** above only:

If a written contract or agreement between you and the additional insured specifies that coverage for the additional insured:

**a.** Be provided by the Insurance Services Office additional insured form number **CG 20 10** or **CG 20 37** (where edition specified); or

**b.** Include coverage for completed operations; or

**c.** Include coverage for "your work";

and where the limits or coverage provided to the additional insured is more restrictive than was specifically required in that written contract or agreement, the terms of Paragraphs **9.a.(3)(a)**, **9.a.(3)(b)** or **9.b.** above, or any combination thereof, shall be interpreted as providing the limits or coverage required by the terms of the written contract or agreement, but only to the extent that such limits or coverage is included within the terms of the Coverage Part to which this endorsement is attached. If, however, the written contract or agreement specifies the Insurance Services Office additional insured form number **CG 20 10** but does not specify which edition, or specifies an edition that does not exist, Paragraphs **9.a.(3)(a)** and **9.a.(3)(b)** of this endorsement shall not apply and Paragraph **9.b.** of this endorsement shall apply.

**10. Broadened Contractual Liability - Work Within 50' of Railroad Property**

It is hereby agreed that Paragraph **f.(1)** of Definition **12.** "Insured contract" (**SECTION V - DEFINITIONS**) is deleted.

**11. Property Damage to Borrowed Equipment**

**a.** The following is hereby added to Exclusion **j. Damage to Property** of Paragraph **2., Exclusions** of **SECTION I - COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**:

Paragraphs **(3)** and **(4)** of this exclusion do not apply to tools or equipment loaned to you, provided they are not being used to perform operations at the time of loss.

**b.** With respect to the insurance provided by this section of the endorsement, the following additional provisions apply:

**(1)** The Limits of insurance shown in the Declarations are replaced by the limits designated in Section **B. Limits of Insurance, 11.** of this endorsement with respect to

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

coverage provided by this endorsement. These limits are inclusive of and not in addition to the limits being replaced. The Limits of Insurance shown in Section **B. Limits of Insurance, 11.** of this endorsement fix the most we will pay in any one "occurrence" regardless of the number of:

(a) Insureds;

(b) Claims made or "suits" brought; or

(c) Persons or organizations making claims or bring "suits".

**(2) Deductible Clause**

(a) Our obligation to pay damages on your behalf applies only to the amount of damages for each "occurrence" which are in excess of the Deductible amount stated in Section **B. Limits of Insurance, 11.** of this endorsement. The limits of insurance will not be reduced by the application of such Deductible amount.

(b) Condition **2. Duties in the Event of Occurrence, Offense, Claim or Suit,** applies to each claim or "suit" irrespective of the amount.

(c) We may pay any part or all of the deductible amount to effect settlement of any claim or "suit" and, upon notification of the action taken, you shall promptly reimburse us for such part of the deductible amount as has been paid by us.

**12. Employees as Insureds - Specified Health Care Services**

It is hereby agreed that Paragraph **2.a.(1)(d)** of **SECTION II - WHO IS AN INSURED**, does not apply to your "employees" who provide professional health care services on your behalf as duly licensed:

**a.** Nurses;

**b.** Emergency Medical Technicians; or

**c.** Paramedics,

in the jurisdiction where an "occurrence" or offense to which this insurance applies takes place.

**13. Broadened Notice of Occurrence**

Paragraph **a.** of Condition **2. Duties in the Event of Occurrence, Offense, Claim or Suit** (SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS) is hereby deleted and replaced by the following:

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

(1) How, when and where the "occurrence" or offense took place;

(2) The names and addresses of any injured persons and witnesses; and

(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

This requirement applies only when the "occurrence" or offense is known to an "authorized representative".

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

08CV4731
JUDGE GOTTSCHALL
MAGISTRATE JUDGE BROWN

PH

# EXHIBIT D

02/26/08 10:33:29    (630) 324- 2649->        Page 004

LEONARD P. BASAK
W. BARTON CHAPIN*
JOHN W. GROVE
EUGENE A. JOBIN
YOLANDA M. KJELAR
KENNETH F. KNIGHT
ROANNE P. MAISEL
EVELYN R. PACINO

* ALSO ADMITTED IN WISCONSIN

**MAISEL & ASSOCIATES**
ATTORNEYS AT LAW
200 NORTH LASALLE STREET
SUITE 2000
CHICAGO, ILLINOIS 60601-1014

TELEPHONE (312) 917-1400
FACSIMILE (312) 917-1427

NOT A PARTNERSHIP OR PROFESSIONAL CORPORATION

ROBERT J. SPINAZZOLA
JOSEPH R. STEIGER
EDWARD W. ULATOSKI, JR.
ANTHONY VERO
J. MICHAEL WEST**
JOSEPH J. WILSON
JASON R. ZAJICEK

** ALSO ADMITTED IN CALIFORNIA

**Naperville Office**
Keith D. Luther
Barbara A. Morton
Anthony J. Ritrovato

Writer's Direct Line: (312) 917-1407
Writer's E-Mail Address: Jwgrove@travelers.com

February 8, 2008

Just Rite Acoustics, Inc.
201 Crossen Avenue
Elk Grove Village, IL 60007

T.J. Adams Group, LLC
333 E. Butterfield Road
Suite 500
Lombard, IL 60148





**RE:**   <u>Russotto, Renee v. Weis Builders, Inc.</u>
      Case No.:    06 L 009537/A
      Our File No.:  0848388
      D/A:   9/11/04

Dear Sir or Madam,

We are representing Weis Builders, Inc. in connection with the above captioned matter, which arises out of an alleged accident at a Home Depot Store at 2555 North Normandy, Chicago, Illinois, on September 11, 2004. We enclose a copy of the pending Complaint herein. Just Rite Acoustics, Inc. was a subcontractor to Weis Builders on said project. Said subcontract provides that Just Rite Acoustics, Inc. was to name Weis Builders, Inc. as an additional insured. We enclose a copy of a certificate of insurance for said project, reflecting Weis' status as an additional insured, through Cincinnati Insurance Company.

We hereby tender the defense and indemnification of Weis Builders, Inc. to Just Rite Acoustics, Inc. and Cincinnati Insurance Company, its insurer. We further solicit a contribution being authorized toward attempting to promptly settle this matter on behalf of Weis Builders, Inc., a proposal that we are concurrently making to other subcontractors for the project and their insurers.

We ask for a written response by mail or email in the near future. Your anticipated attention to this matter is appreciated.

Very truly yours,

John W. Grove.

JWG:tc
Encl.

08CV4731
JUDGE GOTTSCHALL
MAGISTRATE JUDGE BROWN

PH

# EXHIBIT E

# LITCHFIELD
# CAVO LLP
**FILE COPY**

Attorneys at Law

WRITER'S ADDRESS:
303 West Madison Street
Suite 300
Chicago, IL 60606
312-781-6660
312-781-6630 (fax)

Omar S. Odland
Email: odland@litchfieldcavo.com

April 8, 2008

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Mr. John Grove
Maisel & Associates
200 N. LaSalle
Suite 2000
Chicago, IL 60601

|  | Re: | Insured: | **Just Rite Acoustics** |
|---|---|---|---|
|  |  | Policy No.: | CPP 090 66 27 |
|  |  | D/L: | 9/11/04 |
|  |  | Claim No.: | 854885 |
|  |  | Lawsuit: | *Russotto v. Weis Builders, Inc., et al.,* |
|  |  |  | *No. 06 L 9537, Cook County, IL* |
|  |  | Our File No.: | 9074-1961 |

Dear Mr. Grove:

This office represents Cincinnati Insurance Company with respect to insurance coverage for the above referenced matter. We are responding to your letter dated February 8, 2008 tendering the defense and indemnification of Weis Builders in the suit brought by Ms. Russotto. This tender was made for Weis Builders as a purported additional insured of Cincinnati's named insured, Just Rite Acoustics. We understand that you represent Weis Builders with respect to insurance coverage issues. If you are not the person to whom we should be speaking, please advise us or forward this to the appropriate party.

As set forth below, Cincinnati respectfully declines the request. If you agree with our coverage assessment, we ask that your client execute the enclosed waiver of coverage form. If you disagree with our coverage assessment, or believe that our understanding of the facts is incorrect, please so advise us in writing. If warranted, we will be happy to reconsider our position upon receipt of a writing demonstrating that Cincinnati's coverage applies.

**LITCHFIELD**
_Attorneys at Law_ **CAVO** ʟʟᴘ

Mr. John Grove
April 8, 2008
Page 2

## I.    Background

The *Russotto* Suit alleges that Ms. Russotto was an employee of Home Depot located at 2555 N. Normandy in Chicago. On September 11, 2004, Weis Builders was performing construction operations on the Home Depot premises. During those operations, Weis Builders allowed debris to accumulate on the floor. Ms. Russotto was working in the area where debris had built up, and she suffered an injury when she tripped and fell over the debris. Ms. Russotto alleges that Weis Builders was guilty of the following acts or omissions:

a.    Failing to make a reasonable inspection of the premises and the work being done thereon, when Weiss knew or should have known that an inspection was necessary to disclose the accumulation of debris.

b.    Improperly operating, managing, maintaining and controlling the premises, in that Weis Builders failed to provide Ms. Russotto with a safe, suitable and proper support, so that as a direct result, Ms. Russotto was injured.

c.    Failing to provide Ms. Russotto with a safe place within which to work, in that Weis Builders knew or should have known that the absence of a safe, suitable and proper support was dangerous.

d.    Failing to warn Ms. Russotto of the dangerous conditions when Weis Builders knew or should have known that in the absence of a warning Ms. Russotto would fail to appreciate the dangers presented by the dangerous conditions.

e.    Failing to exercise ordinary care in supervising work when Weis Builders knew or should have known that supervision was necessary to prevent Ms. Russotto from falling.

We understand your position to be that Weis Builders acted as a general contractor on this project, and that Cincinnati's insured, Just Rite, Inc. was a sub-contractor on the project.

## II.    Cincinnati's Coverage

Cincinnati issued policy CPP 090 66 27 to Just Rite. The Policy provides commercial general liability coverage with limits of $1,000,000 per occurrence, $2,000,000 general aggregate and $1,000,000 product/completed operations. The Policy incepted on February 20, 2004.

Below we quote certain portions of the Policy. We do so for convenience only. We refer you to the full Policy for a complete reading of all its terms and conditions. Nothing

**LITCHFIELD**

—————— **CAVO** LLP
Attorneys at Law

Mr. John Grove
April 8, 2008
Page 3

contained in this letter modifies the terms and conditions of the Policy, nor shall anything in this letter be construed as such.

### III.     Reasons Why There Is No Additional Insured Coverage For The *Russotto* Suit

#### A.     Late Notice

The Policy requires all insureds to provide immediate notice of suit.  The Policy states in relevant part:

*SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS*

\*          \*          \*

2.     *Duties in the Event of Occurrence, Offense, Claim or Suit*

\*          \*          \*

    c.     *You and any other involved insured must:*

        (1)     *Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";*

        (2)     *Authorize us to obtain records and other information;*

        (3)     *Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and*

        (4)     *Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.*

    d.     *No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.*

Notice is a material condition of insurance coverage.  Illinois law requires all insureds to comply with notice requirements as a condition of coverage.  *See generally Country Mutual Ins. Co. v. Livorsi Marine, Inc.*, 856 N.E.2d 338, 346 (Ill. 2006).  A failure to provide the required notice will relieve the insurer of its obligations under the policy.  *See id.* Here, Ms. Russotto was injured in September 2004 and filed suit in September 2006.  Cincinnati was not notified of the incident or suit until February 2008, some seventeen months after suit was filed.

**LITCHFIELD**
—————— **CAVO** LLP
Attorneys at Law

Mr. John Grove
April 8, 2008
Page 4

That notice was not timely, resulting in a failure of a condition of coverage. Cincinnati respectfully declines to accept the defense of Weis Builders.

**B.    No Coverage For Weis Builders' Sole Negligence**

Cincinnati's policy includes form GA 233 IL 0802. This form governs additional insured coverage. It states in relevant part:

9.    *Automatic Additional Insured - Specified Relationships*

a.    *The following is hereby added to SECTION II - WHO IS AN INSURED:*

(1)    *Any person or organization described in Paragraph 9.a.(2) below (hereinafter referred to as additional insured) whom you are required to add as an additional insured under this Coverage Part by reason of:*

(a)    *A written contract or agreement; or*

(b)    *An oral agreement or contract where a certificate of insurance showing that person or organization as an additional insured has been issued,*

*is an insured. . . .*

\*         \*         \*

(2)    *Only the following persons or organizations are additional insureds under this endorsement, and insurance coverage provided to such additional insureds is limited as provided herein:*

\*         \*         \*

(f)    *Any person or organization with which you have agreed per Paragraph 9.a.(1) above to provide insurance, but only with respect to liability arising out of "your work" performed for that additional insured by you or on your behalf. . . .*

\*         \*         \*

(3)    *Any insurance provided to an additional insured designated under Paragraph 9.a.(2):*

\*         \*         \*

**LITCHFIELD**
Attorneys at Law **CAVO** LLP

Mr. John Grove
April 8, 2008
Page 5

(b)     Subparagraphs (a), (b), (d), (e) and (f) does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the sole negligence or willful misconduct of the additional insured or their agents, "employees" or any other representative of the additional insured. . . .

Per this language, Cincinnati provides additional insured coverage where Just Rite enters into a written or oral contract that requires it to provide additional insured coverage. If the contract is oral, there must be a certificate of insurance evidencing that coverage was issued. Here, we have a copy of a certificate of insurance, but no evidence of a written or oral contract requiring Just Rite to provide coverage.

Even if Weis Builders qualifies as an additional insured, the Policy excludes additional insured coverage where Weis Builders' liability is a result of its sole negligence. A complaint naming only one defendant seeks liability arising out of that defendant's sole negligence. *See L.J. Dodd Constr. Co. v. Federate Mutual Ins. Co.*, 848 N.E.2d 656, 659-61 (Ill. App. 2nd Dist. 2006) (holding that sole negligence exclusion applied to a general contractor that sought additional insured coverage because the general contractor was the only defendant). Here, the complaint was brought against Weis Builders only. Any liability imposed on Weis Builders will arise out of its sole negligence. That liability, if any, does not come within Cincinnati's additional insured coverage.

## IV.    CONCLUSION

Cincinnati respectfully disclaims coverage to Weis Builders for purposes of the *Russotto* Suit. Cincinnati was not provided with timely notice of the accident or the suit filed by Ms. Russotto. In addition, the allegations of Ms. Russotto's complaint demonstrate that Weis Builders' exposure arises out of its sole negligence. For these reasons, Cincinnati disclaims coverage.

Should you agree with our assessment of coverage, we ask you to reflect that agreement by having your client execute the enclosed waiver of coverage form. We must receive a signed copy of the waiver by May 15, 2008. If we do not receive the signed waiver within that time, in order to protect its rights, Cincinnati may have to initiate litigation seeking a judicial declaration of no coverage. Cincinnati would prefer not to engage in this litigation. We will refrain from filing a declaratory judgment action against Weis Builders if we receive a signed waiver of coverage by the deadline.

If you disagree with our coverage assessment, or if we have misunderstood the facts, please advise us in writing. We would be happy to reconsider our position upon receipt of a written explanation that justifies a new assessment.

**LITCHFIELD**

Attorneys at Law **CAVO** LLP

Mr. John Grove
April 8, 2008
Page 6


Our review is based on our review of the complaint in the *Russotto* Suit and the terms and conditions of Cincinnati's policy. There may be other coverage issues that are not yet apparent. Cincinnati does not intend to waive any of its rights under the terms and conditions of its policy and the applicable law. By discussing certain Policy provisions in this letter, Cincinnati shall not be deemed to have waived any aspect of its Policy. Cincinnati reserves the right to rely on all provisions of its Policy and to update its coverage position at any time.

Very truly yours,

LITCHFIELD CAVO LLP

Omar S. Odland


OSO\pas
Enclosure
cc:    Hope Nightingale (Litchfield Cavo LLP)
       Steve Fogle (Cincinnati Insurance Company)
       Tavia Young (Cincinnati Insurance Company)
       Sue Krauser
              Just Rite Acoustics
              1501 Estes Ave.
              Elk Grove Village, IL  60007
       Manal Abdelhaq
              Hilb Robal & Hobbs
              333 E. Butterfield Rd.
              5th Floor
              Lombard, IL  60148

## WAIVER OF COVERAGE CLAIM

Insured:       Just Rite Acoustics
Policy No.:    CPP 090 66 27
D/L:          9/11/04
Claim No.:    854885
Claimant:     Renee Russotto
Lawsuit:      *Russotto v. Weis Builders, Inc., et al.,* No. 06 L 9537, Cook County, IL

Weis Builders, Inc. has asserted a claim for insurance coverage under policy number CPP 090 66 27 issued by Cincinnati Insurance Company ("Cincinnati") to Just Rite Acoustics. Weis Builders, Inc. seeks coverage in connection with the pending lawsuit of <u>Russotto v. Weis Builders, Inc.</u>, pending in the Circuit Court of Cook Count Illinois (the "*Russotto* Suit").

Cincinnati has provided written notice to Weis Builders, Inc. of Cincinnati's decision to deny that claim for coverage. Cincinnati has also provided notice to Weis Builders, Inc. that Cincinnati may bring a declaratory judgment action seeking a declaration that it owes no duty to defend or indemnify Weis Builders, Inc. in the *Russotto* Suit.

Weis Builders, Inc. hereby withdraws any claim for coverage, including defense and/or indemnity from Cincinnati in connection with the *Russotto* Suit , and agrees, concedes and stipulates that Cincinnati owes no coverage to Weis Builders, Inc. with respect to that lawsuit. Weis Builders, Inc. recognizes that Cincinnati will rely on this document in connection with its handling of this matter, and in particular will forgo bringing the aforementioned declaratory judgment action.

This does not affect any rights that Weis Builders, Inc. may have for coverage from Cincinnati in connection with any other claim.

**Weis Builders, Inc.**                          **Cincinnati Insurance Company**

By::_____          Agreed: _____
                                                        By its attorney
Its: _____          Date:_____

Date: _____

08CV4731
JUDGE GOTTSCHALL
MAGISTRATE JUDGE BROWN

PH

# EXHIBIT F

# LITCHFIELD
## CAVO LLP
**FILE COPY**

Attorneys at Law

WRITER'S ADDRESS:
303 West Madison Street
Suite 300
Chicago, IL 60606
312-781-6660
312-781-6630 (fax)

Omar S. Odland
Email: odland@litchfieldcavo.com

May 27, 2008

Mr. John Grove
Maisel & Associates
200 N. LaSalle
Suite 2000
Chicago, IL 60601

Re:    Insured:      **Just Rite Acoustics**
       Policy No.:   **CPP 090 66 27**
       D/L:          **9/11/04**
       Claim No.:    **854885**
       Lawsuit:      _Russotto v. Weis Builders, Inc., et al.,_ No. 06 L 9537, Cook County, IL
       Our File No.: 9074-1961

Dear Mr. Grove:

On April 8, 2008, we sent a letter declining Weis Builders' tender of coverage as an additional insured of Just Rite Acoustics. We requested that Weis Builders execute a waiver of coverage form drop its assertion of coverage from Cincinnati Insurance Company and thereby alleviate the need for coverage litigation. We asked to receive the executed waiver by May 15, 2008.

As of this writing, we have not received the executed waiver of coverage. Unless we receive the executed waiver shortly, we will be forced to seek a declaration that Cincinnati Insurance Company is not obligated to defend or indemnify Weis Builders. We would prefer to avoid coverage litigation, but will take all steps necessary to protect Cincinnati's interests. If you agree to waive coverage, please have your client execute the waiver of coverage form and return it to us at this time. If you believe that Cincinnati reached it coverage conclusion in error, please submit your written explanation to me by June 13, 2008.

Thank you for your attention to this matter. Please do not hesitate to contact me if you would like to discuss any aspect of this matter in greater detail.

Very truly yours,
LITCHFIELD CAVO LLP

Omar S. Odland

OSO\pas
cc:    Hope Nightingale (Litchfield Cavo LLP)

Chicago • Hartford • Boston • New York • New Jersey • Tampa • Milwaukee • Los Angeles

www.litchfieldcavo.com